CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained in an automobile accident. Plainitff was a passenger in an automobile being driven by her husband and insured by Houston Fire and Casualty Insurance Company. The other vehicle was being driven by the defendant, Herbert Tietje, and insured by the defendant, Travelers Insurance Company. Defendants filed a third party demand against Mr. Guillory and his insurer for contribution. The district judge found both drivers negligent and rendered judgment accordingly. Defendants appealed.
The issues are: (1) the negligence of the defendant Tietje, (2) the negligence of Mr. Guillory, and (3) the quantum of the award.
The scene of the accident is on Louisiana Highway No. 27, a two-lane, two-way, blacktopped thoroughfare which runs south from Lake Charles through a flat rural area. This highway is intersected from the east by a parish road, of shell construction, forming a T-intersection. The speed limit on the highway is 60 miles per hour. The accident occurred on a clear dry day.
Mr. Guillory, with plaintiff as a passenger on the front seat, was driving south on Highway 27 at a speed of about 40 miles per hour, with the intention of turning left onto the parish road. He testified that as he approached the intersection, he looked in his rear view mirror and saw three cars following him but they were “far enough” behind that he had plenty of time to turn. Then at a point “40 or 50 yards, or maybe 100 yards” from the intersection, he actuat *774 ed his left turn blinking signal. Without again looking to the rear, he proceeded to make his left turn when he reached the intersection. The front of his vehicle was on the shell road when the left rear was struck violently by the front of the Tietje automobile, which was traveling in a southerly direction and had attempted a passing maneuver.
Tietje testified that he had passed- another vehicle about one quarter of a mile north of the intersection and was following the Guillory vehicle at a speed of 35 to 40 miles per hour. Guillory was going “real slow”, so Tietje accelerated to about 50 miles per hour. While in the passing lane, Guillory suddenly turned left toward the shell road and the collision ensued. Tietje applied his brakes hard and turned to the left but was unable to avoid a collision.
The state trooper who investigated the accident testified that the Tietje automobile left about 100 feet of skidmarks in the passing lane to the point of impact.
Under these facts, the district judge correctly held that Mr. Guillory was negligent in attempting to turn left from the main highway at a time when it was unsafe to do so because of the Tietje vehicle approaching from the rear. A left turning motorist is required not only to look but to see what he should see. If Guillory had looked to the rear immediately before turning, he should have seen the Tietje automobile which was by then in the passing lane. See Barras v. Fidelity & Casualty Company of New York, 152 So.2d 74 (3rd Cir. 1963) and the many cases cited therein.
The next issue is whether the defendant, Tietje, was negligent in passing at an intersection. The question here is whether this particular road junction constituted an intersection within the meaning of LSA-R.S. 32:76, which provides that no vehicle shall be driven on the left side of the highway “when approaching within 100 feet of or traversing any intersection.”
In Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (1968), writ of certiorari denied, we reviewed at length the jurisprudence construing this statute. Generally, an intersection, under the statute prohibiting passing, is one where the ordinary motorist should reasonably anticipate the possibility of danger from a passing maneuver. Each case depends on its own facts. Some of the factors considered by our courts are: (1) whether the intersecting thoroughfares are public or private, (2) their comparative widths, (3) the type of construction (paved, gravel, dirt, etc.), (4) the presence or absence of any signs or markings, (5) the amount of use of each.
With these factors in mind, let us examine the facts of the present case. As stated above, Highway 27 is a main traffic artery of blacktop construction on which the speed limit is 60 miles per hour. The intersecting thoroughfare is also a public highway leading to a thickly populated rural area. It is of shell construction. The shell road itself is about 20 feet in width, sufficient for two-way traffic, but at its junction with Highway 27 it fans out to a much greater width. The intersection is readily observable for a distance of over 100 yards. Mr. Tietje himself admitted that it could be seen for a distance of 350 to 400 feet. A photograph filed in evidence corroborates this fact. It is true there were no signs marking the intersection nor any “no passing” lines on Highway 27. However, this is not an absolute requirement of the statute or the jurisprudence. See the Fontenot case, supra.
Under the circumstances, we affirm the conclusion of the district judge that this did constitute an intersection within the meaning of the statute. It follows that Mr. Tietje was negligent in attempting to pass at this point.
The final issue is whether the award of $2,500 to Mrs. Guillory for general damages is excessive. The facts show *775 that she is 68 years of age and had preexisting arthritis. Immediately after the accident on July 30, 1968, she was seen in a hospital in Lake Charles by Dr. Walter Moss, a general practitioner. He found contusions of the face, neck and right arm, with an aggravation of arthritis of the cervical spine. This physician stated that at the time of the trial, May 22, 1970, she could still be having difficulties from the aggravation of the arthritic condition.
Dr. Charles V. Hatchette, an orthopedic surgeon of Lake Charles, saw Mrs. Guil-lory on two occasions, April 27, 1970, and May 21, 1970. She was complaining of pain in the cervical spine, headaches and pain radiating into the upper back. This physician concluded that plaintiff had suffered a cervical strain with aggravation of arthritis from which she was still having symptoms at the time of his examination.
On February 4, 1969, plaintiff was examined by Dr. Norman T. Morin, an orthopedic surgeon of Lake Charles. This physician found Mrs. Guillory’s complaints of pain in the cervical area were genuine but said he was unable to express an opinion as to whether they were causally related to the trauma.
Under the evidence, we conclude that the award of $2,500 is within the great discretion of the trial judge as to the quantum of awards for personal injuries.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.