GULOTTA, Judge.
This is an appeal from a judgment in favor of plaintiffs for damages and injuries sustained as a result of an automobile accident.
Plaintiffs’ version of the accident is that Gwen Chandler was driving in a southerly direction on Peters Road, a blacktop two-lane highway in Harvey, Louisiana. Defendant’s truck was stopped at an intersecting service road of J. Ray McDermott Company. According to the plaintiff wife, she moved into the northbound traffic lane of Peters Road in an attempt to pass a slow moving truck proceeding in the same direction (southerly) when her automobile was struck on the left side (broadside) by a Sun Ray truck as it entered the highway from the service road. Plaintiffs further claim that the impact pushed the Chandler automobile into the truck which Mrs. Chandler was attempting to pass.
*517 Defendants’ version is that the driver of the Sun Ray truck had stopped at the intersection of Peters Road, and had made a right turn into the northbound traffic lane (proceeding north) after which the plaintiff driver pulled into the northbound lane to pass. According to defendants’ plaintiffs’ vehicle struck the truck which Mrs. Chandler was attempting to pass and careened headon into defendants’ vehicle which had already negotiated the turn onto Peters Road.
On appeal, defendants’ contend (1) that the plaintiff driver, Mrs. Chandler, attempted to pass another vehicle while approaching within 100 feet of an intersection in violation of LSA-R.S. 32:76(A) (2) ;[1] and (2) that Mrs. Chandler attempted to pass a vehicle in a yellow line prohibited area in violation of LSA-R.S. 32:77(B).[2] According to defendants, the negligent operation of the vehicle by Mrs. Chandler in violation of the statutes was a proximate cause of the accident. Defendants also complain of error in the award for special damages in the sum of $1,797.00 and of the excessiveness of the general award in the sum of $4,500.00.
While we are not favored with reasons for judgment in plaintiffs’ favor by the trial judge, it is clear that a finding of negligence on the part of the offending truck driver (i.e., entering the highway after plaintiff driver commenced a passing maneuver and struck the plaintiff vehicle broadside) is based upon a credibility determination by the trial judge. From our consideration of the record, we cannot say the trial judge erred. The judge chose to accept plaintiffs’ version of the accident and to reject defendants’ version. Significantly, the physical damage to the vehicles is consistent with this finding. Mrs. Chandler’s vehicle was damaged along the left side from the left front bumper to the left door and on the right side. The front end of the Sun Ray vehicle was damaged. The location of the damage to plaintiffs’ vehicle is corroborative of plaintiffs’ claim that the Chandler automobile was struck broadside by the defendant vehicle on the left side and pushed into the truck on plaintiffs’ right causing damage to the right side of the plaintiff vehicle.
In considering the question of plaintiff driver’s negligence or contributory negligence, we are again faced with the absence of reasons for judgment by the trial judge. However, it is clear that the court either resolved in favor of plaintiff the factual issues, i.e., that the service road is not an “intersection” as contemplated by the language in LSA-R.S. 32:76(A) (2) and that no prohibited passing yellow lines existed on Peters Road approaching the accident site; or that the trial judge concluded if statutory violations occurred, the violations were not a legal cause of the accident.
We have no difficulty in concluding that Mrs. Chandler’s driving to the left side of the highway was a substantial factor in causing the accident. Suffice it to say that if plaintiff had not executed'the maneuver, the accident would not have occurred. Nevertheless, even if the facts show that Mrs. Chandler’s action violated a statute, the violation in itself does not impose liability unless the prohibition in the statute was designed to protect from the harm which ensues from the statutory violation. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). The evidence in this case, how *518 ever, does not -establish that Mrs. Chandler violated any statute.
We are confronted next with the question whether the intersecting road is an “intersection” as contemplated by the statute. In Guillory v. Travelers Insurance Company, 241 So.2d 772, 774 (La.App. 3rd Cir. 1970), the court set forth factors which are to be considered in determining if a road is an “intersection.” The court stated:
“Each case depends on its own facts. Some of the factors considered by our courts are: (1) whether the intersecting thoroughfares are public or private, (2) their comparative widths, (3) the type of construction (paved, gravel, dirt, etc.), (4) the presence or absence of any signs or markings, (S) the amount of use of each.”
In the instant case, the service road is a private one which serves as the means of egress from the J. Ray McDermott terminal. Another service road intersecting with Peters Road and south of the accident site serves as the means of ingress to the terminal. These ingress and egress roads do not cross Peters Highway and run only from the building to the highway. No evidence was introduced to show whether the road was paved or not, and the only sign present was a stop sign about 20 feet from the entrance to Peters Road. Furthermore, the evidence indicated there were no signs posted on the highway to warn motorists they were approaching an intersection. Under the circumstances, we cannot conclude that defendant successfully carried the burden of proving by a prepon-derence of the evidence that the intersecting road is an “intersection.”
Nor can we conclude that defendants successfully carried the burden of showing that Mrs. Chandler attempted to pass in a no passing zone marked by yellow lines. Plaintiffs testified that no yellow lines existed near the accident site on the day of the collision. Testimony of the defendant and the investigating police officer disputed this fact. Faced with this conflicting evidence, the trial judge may have made a credibility determination that no yellow lines existed on the highway at the time of the accident or that the yellow lines were obliterated. Rendition of judgment in favor of plaintiff is consistent with this factual determination. However, the photographs taken one year after the accident show a yellow line in the southbound lane up to and past the point of impact. This clearly indicates this yellow line, if indeed it existed at the time of the accident, was not placed on the highway to warn of the McDermitt exit, but rather to warn of some danger at a distance beyond the exit. Such an extended yellow line could not have been intended to prohibit motorists from entering the left lane within one hundred feet of the intersection in violation of LSA-R.S. 32:76(A)(2). It is significant in this respect that the photographs do not show a yellow line in the northbound lane south of the impact point, as there would be if the line in the southbound lane was meant to warn of the service road exit to the highway. At any rate, whether the trial court properly concluded that no yellow line existed or whether the yellow line was not placed on the highway to warn of the exit (intersection), defendant simply failed to prove plaintiff’s contributory negligence. Having so concluded, we agree with the result reached by the trial judge casting defendants in judgment.

Quantum

We now turn our attention to the complaint by defendants of the excessiveness of the awards. Defendants contend that part of the judgment awarding $150 for future medical expenses, $1,500 for loss of the wife’s past and future income, and $147 for medical expenses were not proved. Defendants also complain that the $4,500 award in general damages is based *519 on a change or aggravation of a heart condition when the evidence failed to show a causal connection between the accident and a changed condition, if in fact, a change did occur.
We reject defendants’ claim regarding the medical expenses. These expenses were incurred by Mrs. Chandler for treatment received at the Browne-Mc-Hardy Clinic. Mrs. Chandler was seen by Dr. Gordon McHardy for the injuries sustained as a result of the accident. The defendant did not testify as to the number of visits that Mrs. Chandler made during the period of her disability. However, a bill from the Browne-McHardy Clinic was introduced into evidence. Chandler testified that he had no bills outstanding from the clinic or from Dr. McHardy prior to the accident. We conclude, therefore, that the $147 for medical expenses was sufficiently proved and the award in that amount is proper. Accordingly, we find no merit to defendant’s claim that treatment received by Mrs. Chandler from Browne-McHardy Clinic was not causally related to the accident.
However, we fail to find support in the record for the award for future medical expenses. No evidence was elicited from Dr. McHardy regarding future medical expenses. The only reference to these expenses is made by the plaintiff husband. According to his testimony, Chandler anticipates a future expenditure in the sum of $2,000. This testimony is unsupported and uncorroborated and is insufficient to discharge plaintiff’s burden of proving the necessity for future medical expenses.[3]
Accordingly, this award in the sum of $150 is set aside.
We further fail to find support for the $1,500 award for past and future loss of income. In their petition, plaintiffs did not claim any damages for loss of wages. When plaintiff attempted to introduce evidence of the wife’s employment, defendants objected on the grounds that the petition failed to allege damages for loss of wages. In response, plaintiffs stated the evidence was only offered to show that the plaintiff driver frequently traveled Peters Road while going to and from work and was familiar with the road and its markings. The only other evidence in the record regarding employment is Mrs. Chandler’s testimony that shortly after the accident she was fired after taking an unauthorized vacation. Mrs. Chandler did not testify as to the amount of her earnings or her losses. Furthermore, no testimony was elicited from the wife’s physician relating to her inability to work except that Mrs. Chandler suffered a two-week disability. Accordingly, we conclude that the award in the sum of $1,500 for the loss of past and future wages is not supported by the record.
Finally, we conclude plaintiffs failed to sustain their burden of proof that the aggravation of Mrs. Chandler’s heart condition was causally related to the accident. As stated in Sattler v. Allstate Insurance Company, 225 So.2d 54 (La.App. 3rd Cir. 1969), it is not sufficient that a plaintiff, in order to recover, show that a possibility existed that the disability was related to the accident, but it must be shown that it is more probable than not that a causal connection existed.
Mrs. Chandler’s treating physician testified that Mrs. Chandler had a heart condition (rapid heartbeats) prior to the accident, which had been aggravated since the accident. However, he stated that he could not say that the aggravation of the condition was related to the accident. At most, he testified that a possibility existed that the aggravation might be so related. He also testified that Mrs. Chandler mani *520 fested a marked change in her condition in March, 1973. An electrocardiagram taken at that time was abnormal. It is significant, however, that this change and abnormality occurred nearly 14 months after the accident. In the final analysis, plaintiffs simply failed to show by a preponderance of the evidence that the changed condition was causally connected to the accident.
The doctor did testify that as a result of the accident plaintiff suffered an emotional and physical disability of two weeks from the date of the accident, January 6, 1972 until January 20, 1972. Thereafter, her condition was the same as it was before the accident.
Mrs. Chandler testified that she sustained injury to her neck and shoulder for which therapy was administered. She also received a bruise of the chest. There is evidence that muscle relaxants and tranquilizers were prescribed. However, the record fails to disclose the extent and duration of whether these drugs were prescribed for the heart condition or for other injuries. Under the facts and circumstances of this case, an award for general damages in the sum of $4,500 is excessive. We deem an award for general damages in the sum of $500 to be adequate.

Decree

Accordingly, the judgment in favor of plaintiff Creighton Chandler, Sr., in the sum of $1,897 and in favor of Mrs. Gwen Chandler in the sum of $4,500 is amended consistent with the views expressed herein. As amended, the judgment is affirmed and is recast as follows:
Judgment is rendered in favor of Creighton Chandler, Sr., in the sum of $247.00 and in favor of Mrs. Gwen Chandler in the sum of $500.00 and against defendants, Sun Ray Lighting Company with interest thereon from date of judicial demand until paid. Costs to be paid by defendants-appellants.
Amended and affirmed.

. LSA-R.S. 32:70(A) (2) reads as follows :
“A. No vehicle shall at any time be driven to the left side of the highway under the following -conditions:

“(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing

. LSA-R.S. 32:77(B) reads as follows:
“15. Where signs or markings are in place to define a no-passing zone as set forth in paragraph A, no driver shall at any time drive on the left side of the roadway within such zone, or on the left side of any pavement striping, designated to mark such 110-passing zone, throughout its length.”

. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970) ; Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4th Cir. 1973).