FRUGÉ, Judge.
This case arises out of a vehicular collision which occurred January 23, 1974, on U. S. Highway 90, approximately a mile west of Midland, Louisiana, in Acadia Parish. The accident occurred as Jackie J. Kibodeaux, driver of a Mack truck, made a left turn from Highway 90 onto a gravel public road. The plaintiff, Morris Henry, contended that he was in the process of passing Kibodeaux’s vehicle at the time the accident occurred. The suit was filed by Henry against Kibodeaux and his employer, Delta Gulf 'Construction Company, and Delta Gulf’s insurer, Highlands Insurance Company.
The trial court found that the accident was caused by the defendant Kibodeaux and rendered judgment in the amount of $3,764 in favor of plaintiff. On appeal defendants contend that Kibodeaux was not negligent and, in the alternative, that plaintiff Morris Henry was contributorily negligent.
The accident occurred about 2:00 P. M. on January 23, 1974. At the point of the accident on U. S. Highway 90 is a straight, level, two-lane highway. The record shows that the pavement was wet at the time of the accident.
The facts leading up to the accident are disputed. The plaintiff Morris Henry testified that he was traveling west on Highway 90 and noticed defendant’s vehicle at a distance of three to four-tenths of a mile ahead. At approximately 160 to 170 feet he pulled his vehicle approximately three-fourths into the eastbound lane to check to see if there was any oncoming traffic. At about 30 to 40 feet plaintiff proceeded to begin passing when the truck “made a sudden turn to the left.” Plaintiff testified that he immediately applied his brakes and attempted to turn to the right to avoid hitting the truck, but that the collision was unavoidable at that point.
Plaintiff testified that he was traveling 50-60 m.p.h. prior to slamming on his brakes. He did notice that defendant’s vehicle was traveling very slowly, between 5 and 10 m.p.h., but he did not notice that it was slowing down. He did not see any turn signal or other indication indicating that the truck was about to execute a left turn. Plaintiff also testified that there were no markings on the highway to indicate the intersection at which defendant turned (this is undisputed), and that he did not see the intersection at any time prior to the accident.
The defendant driver Jackie Kibodeaux was driving a Mack tractor which was pulling a semi-lowboy trailer. The total vehicle length was 62 feet.
Kibodeaux testified that he was going to pick up a piece of equipment at the time of the accident. He was traveling west on Highway 90 ahead of Henry. He stated that about a quarter of a mile prior to the intersection he began to down-shift his truck in order to slow down and also turned on his left-turn indicator signal at this point. He testified that he saw plaintiff’s vehicle in his mirror but that it was pretty far behind his vehicle. Kibodeaux indicated that at the point of beginning the turn his vehicle was “close to being stopped.”
Kibodeaux indicated that the accident occurred in the eastbound lane and that the front of his vehicle was completely off the road at the time of impact.
The only other witness to testify was Officer Daniel D. DeBlanc, a state trooper who investigated the accident. Officer DeBlanc found that the point of impact was the “left-hand” or eastbound lane. He *147 found that Henry’s vehicle partly straddled the center line at an angle. He also found that the Henry vehicle laid down 60 feet of skid marks “angling off into the westbound lane from the eastbound . lane.” Subsequent to the accident Officer De-Blanc observed the left rear turn signal light blinking and “clearly visible from the rear.” Officer DeBlanc also testified that there was nothing in the way of highway markings to indicate the intersection at which Kibodeaux turned.
The trial court in oral reasons transcribed at the end of the trial found the defendant Kibodeaux negligent in attempting the left turn and granted judgment in favor of plaintiff.
Defendants have appealed claiming the court erred (1) in finding Kibodeaux negligent, and (2) in failing to find plaintiff Henry contributorily negligent.
We find no error in the trial court’s ruling that Kibodeaux was negligent in executing his left turn. A motorist who attempts to make a left turn on a public highway is required to ascertain in advance that he can do so safely and without endangering overtaking or oncoming traffic. La.R.S. 32:101 and 32:104; Young v. DeVillier, 282 So.2d 738 (La.App. 3rd Cir. 1973). Although defendant Kibodeaux saw plaintiff’s vehicle in his mirror,' Kibo-deaux estimated that at that time plaintiff was approximately a half-mile to his rear. There is no indication from Kibodeaux that he checked his mirror immediately prior to making the turn. If Kibodeaux had checked his mirror prior to the turn, he could have observed that plaintiff’s vehicle was in the left hand passing lane and avoided the accident. We agree with the trial judge that defendant was negligent in making a left turn on a public highway without first ascertaining that he could do so safely.
Appellants contend alternatively that plaintiff is barred from recovery by his own contributory negligence. In this regard they primarily contend that Henry violated La.R.S. 32:76 which provides that no vehicle should be driven to the left side of a highway when approaching within 100 feet of any intersection.
 It is fundamental that for La.R. S. 32:76 to be applicable the junction at which Kibodeaux was turning must be an intersection within the intended scope of that statute. Every highway junction does not fall within that scope. See, e. g., Chapman v. Harrison Pipeline Company, 261 So.2d 82 (La.App. 3rd Cir. 1972). Whether a junction is an intersection under the statute rests upon the particular facts of the case. Chapman v. Harrison Pipeline Company, supra. In making the determination of whether a junction is an intersection under R.S. 32:76 the following factors are considered: (1) whether the intersecting thoroughfares are public or private, (2) their comparative widths, (3) the type of construction (paved, gravel, dirt, etc.), (4) the presence or absence of any sign or markings, and (S) the amount of use of each. Guillory v. Travelers Insurance Company, 241 So.2d 772 (La.App. 3rd Cir. 1970).
We now consider the facts before us with the above criteria in mind. Highway 90 is a main traffic artery of blacktop construction and is heavily travelled. The intersecting road is of gravel construction and is rather narrow. Although it is a public road, the investigating state trooper, Officer DeBlanc, at first thought it was a private road because of its insignificance. The road does not appear to be heavily travelled. It is undisputed that there are no warning signs along Highway 90 of the approach of the junction nor any yellow solid no-passing line.
In Chapman v. Harrison Pipeline Company, supra, we found no violation of R.S. 32:76 in the following circumstances:
“The intersection of the gravel road with the highway was poorly defined. There were no warning signs in the *148 direction from which the parties came. There was no yellow strip to indicate a no passing zone. While the gravel road did lead to some farm houses and eventually to another highway, it was not a heavily travelled road.” 261 So.2d at 83.
We conclude that the facts before us are essentially similar and hold that the junction at which the accident occurred was not within the intended scope of La.R.S. 32:76.
In this holding we are aware of Guillory v. Travelers Insurance Company, supra, and Barras v. Fidelity and Casualty Company of New York, 152 So.2d 74 (La.App. 3rd Cir. 1963), which are relied upon by appellants. In these cases the court found the passing motorists to be negligent for attempting to pass within 100 feet of an intersecting parish gravel road in violation of La.R.S. 32:76. See also, Palmieri v. Frierson, 288 So.2d 620 (La.1974). Despite a similarity between the facts in those cases and those now before us, we feel that Chapman v. Harrison Pipeline Company, supra, presents a fact situation more analogous to that now before us.
The only other question to be decided regarding plaintiff’s contributory negligence concerns whether plaintiff negligently failed to observe that defendant intended to execute a left turn. In this connection defendant contends that his left-turn signal was turned on a quarter of a mile prior to the turn. Plaintiff, however, testified that he observed no turn signal.
The burden is on the defendant to establish that plaintiff was contributorily negligent. In awarding judgment for the plaintiff, the trial court obviously felt that the defendant had failed to carry this burden.
Whether plaintiff was contributorily negligent depends largely upon the credibility of the witnesses. This is an evaluation which is best performed by the trier of fact and a reviewing court should not overrule such a determination unless it is manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
From our reading of the record we find no basis upon which to conclude that the trial court committed manifest error.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed to defendants-appellants.
Affirmed.