SCHOTT, Judge.
Plaintiff was a passenger on a New Orleans Public Service Bus operated by Ronald A. Johnson when there was a collision between the bus and an automobile operated by defendant Jeremiah Jenkins. NOPSI and Johnson have appealed from a judgment awarding plaintiff $3,350 against them and dismissing her claim against Jenkins. In his reasons for the judgment the trial court stated:
“This is a swearing match and Mr. Jenkins sounds like he is telling the truth. The accident was solely the fault of the bus operator.”
As the bus was proceeding on North Robertson Street in the City of New Orleans the accident happened at the intersection with France Street. North Robertson Street traffic had the right-of-way by virtue of a stop sign facing France Street traffic. According to Johnson, he observed Jenkins’ automobile approaching North Robertson Street from France Street on the right of the bus and he slowed the bus down, but when Jenkins came to a stop Johnson proceeded across the intersection. *1234 Johnson testified that Jenkins shot out in front of him at this stage and the collision was unavoidable. According to Jenkins, traffic was heavy on North Robertson Street, and after he stopped on France Street he was given a signal by the bus driver to cross over in front of the bus. As he was doing so his automobile was struck by the front of the bus between the left rear door and rear wheel of his automobile.
Plaintiff proved that she was injured while a fare paying passenger so that the burden shifted to appellants to show that Johnson was free from negligence. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). On appeal we are not in a position to substitute our evaluation of the two drivers’ credibility for the trial judge’s. Accepting Jenkins’ testimony as true there is no basis for us to hold that appellants carried their burden to show freedom from negligence.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.