410 So.2d 351 (1982)
Mrs. Karen MAKAS, Individually and as natural tutrix and administratrix of the estate of her minor daughter, Darcy Lyn Hamburg
v.
NEW ORLEANS PUBLIC SERVICE, INC., General Electric, Inc., Electric Mutual Liability Insurance Company
v.
Mabel B. Seely, Wife of/and Bernard T. SEELY
v.
NEW ORLEANS PUBLIC SERVICE, INC., General Electric, Inc., Electric Mutual Liability Insurance Company and Elmer W. Robeaux.
Nos. 12549, 12550.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
*352 Floyd M. Greene, New Orleans Public Service, Inc., James R. Carter, Porteous, Toledano, Hainkel & Johnson, Gen. Elec. Co., and Elmer W. Robeaux, New Orleans, for defendants-appellants.
J. Robert Ates, New Orleans, for plaintiff-appellee.
Before GULOTTA, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal arising from a case involving an intersectional collision between a New Orleans Public Service Streetcar and a van owned by General Electric Co., (hereinafter referred to as GE). The streetcar was proceeding north on Carrollton Avenue in New Orleans. When it was three quarters of the way through the intersection, it was struck by a van driven by Elmer W. Robeaux, which was attempting a left hand turn onto the neutral ground. The van struck the streetcar behind its front doors, rupturing the streetcar's air tank. This resulted in a loss of air pressure and the streetcar continued on for six blocks without any brakes before it was able to stop. Upon losing pressure, the doors to the streetcar opened and the minor child, Darcy Lyn Hamburg, was ejected out of the streetcar, striking her head on a light pole. Mabel Seely, a passenger on the streetcar at the time of the accident, complained of injuries sustained as a result of the jostling she received while on the runaway streetcar. Karen Makas, (on behalf of her minor daughter Darcy Lyn Hamburg) sued both *353 NOPSI and General Electric Co., owners of the van. This suit was consolidated with Mabel Seely's suit against NOPSI, and General Electric. In the Makas suit the trial court rendered a judgment for the plaintiff against defendants, NOPSI and General Electric.
In the Seely suit, judgment was rendered in favor of the plaintiffs against NOPSI only. General Electric while originally a defendant in this suit, was dismissed by the trial court with full prejudice because of plaintiffs' failure to answer interrogatories propounded by General Electric.
We concur with the trial court's finding of negligence on the part of both General Electric and NOPSI.
Louisiana Revised Statute 32:104(A) states: No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the road as required in RS 32:101, or turn a vehicle to enter a private driveway, or otherwise turn a vehicle from a direct course or move right or left upon a road way unless and until such movement can be made with reasonable safety. (Emphasis ours)
There is a long line of jurisprudence which interprets the statute as imposing a very high degree of care on a driver making a left turn. A left turn is a dangerous maneuver and the driver has a duty not to attempt the turn until it may be completed safely and he carries the burden of exculpating himself of fault should an accident occur. Bennett v. United States Fidelity Guaranty Co., 373 So.2d 1362 (La.App. 1st Cir. 1979), writs refused 376 So.2d 1269 (1979); Choate v. Louisiana Farm Bureau Mutual Insurance Co., 384 So.2d 511 (La. App. 2nd Cir. 1980); Harry v. Harvard Accident and Indemity Co., 312 So.2d 695 (La. App. 3rd Cir. 1975); Henry v. Highland Insurance Co., 315 So.2d 145 (La.App. 3rd Cir. 1975).
NOPSI did a creditable job in showing the concurrent negligence of General Electric was in fact the cause of the injuries sustained by plaintiffs, however, NOPSI did not meet the burden imposed upon them to exculpate themselves of negligence. The Supreme Court in Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979) stated very succinctly that a mere showing of an injury to the fare paying passenger will impose liability on the common carrier and it is up to the carrier to overcome the heavy presumption of negligence which accompanies the highest degree of care imposed on common carrier for the safety of the passengers. This court in Holman v. NOPSI, 398 So.2d 1233 (La.App. 4th Cir. 1981) has reiterated the view expressed in Galland, supra, pertaining to the heavy burden placed on the common carrier in instances such as this.
The trial court heard testimony that there was no back-up braking system on the streetcar, that the airtank was unprotected, and that the streetcar driver did not exercise the requisite degree of care imposed upon him on approaching the intersection. These acts of negligence coupled with NOPSI's common carrier status clearly supports the trial court findings of negligence.

QUANTUM
General Electric further appeals the trial court's decision granting NOPSI's third party claim for damages owed to Seely. General Electric argues that since they were dismissed from the suit because of failure of Seely to answer interrogatories the third party demand of NOPSI should not have been granted by the trial court. We agree. The dismissal of General Electric is paramount to a contractual release of General Electric to Seely.
Art. 2103,[1] states that a defendant sued upon on the whole amount of this debt may, *354 by the third party action enforce contribution of another joint tortfeasor, even though he is not a party to the suit.
Since General Electric, by its release, is no longer party to the suit, NOPSI through their third party demand would be able to recover General Electric's virile share of one half through the third party demand, had the dismissal not been direct result of Seely's actions. The third circuit in Harvey v. Travelers, Co., 163 So.2d 915 (La.App. 3d Cir. 1964) states:
Our conception of the existing jurisprudence is that a solidary debtor under a conventional obligation, who pays the entire debt to the creditor, becomes legally subrogated to the rights of the creditor against the other solidary obligors for their proportionate part of the debt. If the creditor, however, settles with and releases one solidary debtor, he thereafter has no further rights or claims against that debtor to which another party can be subrogated. And, in the event the creditor by his own act, deprives one solidary obligor, then the creditor is not entitled to recover from the first debtor the share of the debt owed by the other against whom no right or subrogation remains.
A. Ledoux & Co., v. Rucker, 5 La.Ann. 500; Lynch v. Leathers, 17 La.Ann. 118.
The decision of the Supreme Court in A. Ledoux & Co., v. Rucker, supra, was correctly summarized in a syllabus to that case which reads as follows:
"Where several persons have signed an obligation in solido, they are, inter se, debtors each one for his share. Upon the payment of the whole debt by one of them, that one is entitled to be subrogated to the rights of the creditor against the other; and so far as the creditor has impaired this right of subrogation he is barred from recovering."

(5 La.Ann. 500 Emphasis added.)
Since Seely, by her actions has impaired subrogation rights of NOPSI, plaintiff will only be entitled to recover one half of the original judgment made by the trial court, i.e., $1,695.00.
Appellee, Makas, cross-appealed and as cross-appellant asked for an increase in quantum and for attorneys' fees, due to the alleged frivilous nature of the appeal. We find no merit to cross-appellant's claim for damages under Louisiana Code of Civil Procedure Art. 2164, as we do not feel this appeal is frivilous.
The trial court awarded $6,000.00 in general damages and $266.75 special damages to Makas for injuries to her minor daughter, Darcy Hamburg. The child sustained a minor concussion as a result of the accident. A few months later, she blacked-out while at a grocery store and fell into a display. On April 25, 1975, while riding her bicycle, the minor child blacked-out and fell sustaining a fractured clavicle. Although the $266.75 special damages awarded by the court included $84.75 in costs incurred as a result of the bicycle accident, it is unclear whether the $6,000.00 in general damages were meant to include the broken clavicle. If the award was meant solely for the concussion sustained it would appear to be adequate. If, on the other hand, the award, encompassed both the concussion and the fractured clavicle, it would appear to be inadequate, although not outside that area of discretion of the trial court in assessing damages. Coco v. Winston Industries, 241 So.2d 332 (La.1976): Reck v. Stevens, 373 So.2d 498 (La.1979). There was no manifest error in the amount awarded by the trial court and therefore we must affirm quantum as to Makas.
AMENDED AND AFFIRMED.
NOTES
[1] La.Civil Code Article 2103:

When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi-contract, an offense, or a quasi-offense, the debt shall be divided between them. If the obligation arises from a contract or quasi-contract, each debtor is liable for his virile portion. If the obligation arises from an offense or a quasi-offense, it shall be divided in proportion to each debtor's fault.
A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article[s] 1111 through 1116 of the Code of Civil Procedure, whether or not the party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff. (Amended by Acts 1960, No. 30 § 1; Acts No. 431, § 1)