422 So.2d 262 (1982)
Tammy PILIPOVICH
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
Mary WASHINGTON
v.
NEW ORLEANS, PUBLIC SERVICE, INC., et al.
Barbara MITCHELL
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
Eloise JONES
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
Nos. 13193-13196.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*263 Guy J. D'Antonio, D'Antonio, Hose & Stansbury, New Orleans, for plaintiff/appellee Barbara Mitchell.
Preston G. Sutherland, New Orleans, for plaintiff/appellee Eloise Jones.
John B. Perry, Gertler & Gertler, New Orleans, for plaintiff/appellee Mary Washington.
Kenneth B. Krobert, Torres & Bischof, Chalmette, for plaintiffs/appellees Tammy Pilipovich and Rafaela Martinez.
Floyd F. Greene, New Orleans, for defendant/appellant.
Before BARRY, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
The plaintiffs in these consolidated cases were passengers aboard a New Orleans Public Service (NOPSI) bus that was involved in a vehicular accident on July 3, 1978 at the intersection of North Rampart and St. Ann Streets in the City of New Orleans. The bus was proceeding on North Rampart Street in a downtown direction toward the Industrial Canal. An auto driven by Gregory St. Etienne was traveling on North Rampart Street in an uptown direction toward Canal Street. Upon reaching the intersection of North Rampart and St. Ann Streets, the auto made a left turn into the path of the oncoming bus wherein a collision occurred. Plaintiffs, all passengers on the bus, sustained injury, and instituted these proceedings against NOPSI and Gregory St. Etienne.
The trial court found both the left turning motorist and NOPSI negligent. Only NOPSI perfects this appeal.
Louisiana law is clear that a common carrier owes a duty to its passengers to see that they reach their destination safely. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). As Justice Blanche stated in the Galland case.
"... We hold that the mere showing of an injury to a fare-paying passenger on a public convenyance and his failure to reach his destination safely imposes upon *264 the carrier the burden of exculpating itself of negligence." Id. at 85.
In the instant case, plaintiffs proved they were fare-paying passengers, and failed to reach their destination safely. Once those facts are established, the burden shifts to the carrier to show that its driver was free from negligence. Holman v. New Orleans Public Service, Inc., 398 So.2d 1233 (La.App. 4th Cir.1981).
The evidence reveals that the driver of NOPSI's bus was proceeding at a "rapid" rate of speed, that the bus was over crowded, and that she had time to avoid the collision. We agree with NOPSI's argument that the left turning motorist was negligent. However, it is also clear to this Court that NOPSI was not free from negligence. The testimony convinces us that NOPSI's driver could have avoided the accident had she not been traveling at a rapid rate of speed, and had the vehicle under control. The evidence shows that the driver did not apply the brakes nor blow the horn. If she had, perhaps the accident would have been avoided since only the right rear quarterpanel of the left-turning vehicle was struck. NOPSI owes a duty to its passengers separate and distinct from the duty owed by a left turning motorist. There is a "heavy" presumption of negligence accompanying a carrier's duty of care toward its passengers. Makas v. New Orleans Public Service, Inc., 410 So.2d 351 (La. App. 4th Cir.1982).
NOPSI argues that the bus driver was not speeding, and could not have avoided the accident. The record reveals that the speedometer on the bus was broken, and therefore the driver could not verify if she was below the 35 miles per hour speed limit. Further, traffic congestion and road conditions should dictate the rate of speed of a common carrier. The obligation is to maintain a safe rate of speed under the given circumstances.
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb the factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review..." Canter v. Koehring Co., 283 So.2d 716, 724 (La.S.Ct.1973).
The evidence presented, coupled with NOPSI's common carrier status, clearly support the trial court's conclusion. Therefore, for the reasons set forth above, the judgment of trial court is affirmed.
AFFIRMED.
WILLIAMS, J., concurs without reasons.