LOBRANO, Judge.
This lawsuit arose out of an alleged fall by a passenger disembarking a New Orleans Public Service (NOPSI) bus at the corner of Canal and Decatur Streets. Jacqueline Wittenberg, the plaintiff, sued NOPSI and the City of New Orleans for her damages. The City of New Orleans thereupon filed a third party demand against Boh Brothers Const. Co., who were doing street repairs in the area where the accident occurred. Boh Brothers answered this third party demand denying liability and further alleging that the accident was due to the contributory negligence of the plaintiff, as well as the negligence of NOPSI and the City of New Orleans.
At the conclusion of the trial on the merits, the court dismissed plaintiff’s suit as to the named defendants and dismissed the City of New Orleans’ third party demand against Boh Brothers Construction Co. Inasmuch as plaintiff did not name Boh Brothers Construction Company as a principal defendant, the dismissal of Boh Brothers is not raised as an issue on appeal by the plaintiff.
Plaintiff, an employee of the Dept, of Health and Human Resources was riding the Express 91 bus to work on Monday, July 21, 1980, the date of the accident. On the previous Friday, plaintiff had noticed that the bus was rerouted down North Peters Street, rather than Decatur, due to the fact that Decatur Street was being resurfaced. On Monday, the bus resumed its accustomed route down Decatur Street. In fact, vehicular traffic of all kinds was using Decatur Street on that morning.
When the Express 91 bus pulled up to the corner, plaintiff observed another bus parked in front of it. Because of this the passengers on Express 91 were let off at a spot short of the designated bus stop. The bus, plaintiff testified, did not pull up to the curb, but allowed the passengers to get off into the street. According to the plaintiff, *254 approximately ten to fifteen passengers got off at that point, but all used the front door of the bus and only plaintiff used the back door. All other passengers were able to get off the bus without incident; however, when plaintiff stepped off into the street, she fell. Plaintiff cannot say what caused her fall. She testified that she did not look down when alighting from the bus.
George Cooper, plaintiff’s witness, testified that he alighted from the bus at the same time as plaintiff, but from the front door. He observed that the street was under some type of construction, and also observed barricades in the area. These conditions were very apparent to Mr. Cooper.
As a result of the accident plaintiff sustained a sprained ankle which required immobilization in a cast for a period of three weeks. Once the cast was removed she wore an ankle brace for another three weeks and then finally resumed her normal activities with only intermitted soreness after that point. Plaintiff was discharged by her treating physician on February 27,1980, twenty six days after this accident.
“... the mere showing of an injury to a fare paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence.” Galland v. NOPSI, 877 So.2d 84 (La.1979), at p. 85.
In the case at bar, plaintiff’s own testimony reveals that she fell after she had left the bus and was walking in the street toward the curb. She stated on three separate occasions that she had taken at least one step from the bus before falling. Thus the Galland supra rule is inapplicable since NOPSI had fulfilled its duty to deliver the passenger safely to her destination.
“... once a passenger freely disembarks at his chosen destination free from harm, his status as passenger, and the public carrier’s contract to transport for hire, cease. At that point the public carrier only owes such person the duty of ordinary care — it is under no duty to warn the former passenger of ‘a danger which is apparent, obvious and known to every person in good mind and sense.’ ” Tear v. Continental Trailways, Inc., 341 So.2d 1306 (La.App. 3rd Cir.1977) at p. 1308.
Once she departed the bus, it was incumbent upon the plaintiff to prove negligence on the part of NOPSI or its codefendant the City of New Orleans. NOPSI’s standard of care at that point is no longer one of a common carrier, but of the “reasonable man”.
In this regard the only evidence introduced by plaintiff were pictures indicating some degree of roughness in the street. As the trial court states in its oral reasons for judgment, “No evidence whatsoever was indicated to link the pictures with the plaintiff’s testimony to such a degree as to indicate that she stepped into these rough spots. The plaintiff’s testimony was vague on this point.”
We agree with the trial court that plaintiff’s testimony was vague and contradictory. Her testimony that she didn’t look at the street when she stepped off the bus and her prior knowledge of the street condition would constitute contributory negligence even were this court to hold any of the defendants negligent.
Plaintiff also argues that the City of New Orleans is liable for her injuries under La.C.C. Art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975). Although the Supreme Court’s decision in Jones v. City of Baton Rouge, 388 So.2d 737, applies Civil Code Art. 2317 to municipalities for those things which are found to be within their care, custody and control we agree with the trial court that plaintiff failed to prove that a defect in the street caused her fall. Furthermore plaintiff’s failure to keep a proper lookout and exercise normal and reasonable precautions as she walked through an area where she knew street resurfacing work was in progress, constituted “victim fault” which would preclude her recovery under Art. 2317.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reason *255 able basis for the trial courts finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
“ ‘Manifestly erroneous’, in its simplest terms, means ‘clearly wrong’ ”. Arceneaux v. Domingne, 365 So.2d 1330, 1333. (La.1978).
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.