BYRNES, Judge.
This is a personal injury action.
Dorothy Mitchell, plaintiff-appellee, sus--tained a twisted ankle after alighting from a bus operated by New Orleans Public Service, Inc. [NOPSI] and driven by Paul V. Landry. Judgment was rendered, by the Civil District Court, Parish of Orleans, in favor of plaintiff in the amount of $750.00. Defendants appeal, contending that the trial court erred in assessing damages for NOPSI’s alleged callousness toward the plaintiff after the accident.
Appellee answered the appeal contending that the trial court had erred in finding that the defendants exercised reasonable care in allowing her to alight from the bus. She argues that the court also erred in denying her claim for medical expenses, lost wages, or general damages on the basis of a finding that her injury was not caused by the actions or inactions of defendant, and prays that the award be increased from $750.00 to $5,000.00.
FACTS
On October 7, 1980, plaintiff took a NOP-SI bus to work. When she exited from the bus at Canal and Carondelet Street her ankle twisted and she fell.
A NOPSI employee, who was working on the street car tracks, came to her aid. The driver of the bus called his supervisor and within several minutes NOPSI officials and the police were at the scene of the accident. The plaintiff was taken by the police to Charity Hospital for treatment.
NOPSI’S NEGLIGENCE
The issues raised by both parties revolve around the trial court’s determination that *827 the defendants were not negligent. We affirm that portion of the decision.
It is well settled that public carriers are charged with the highest degree of care in transporting their passengers to their destination safely. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979); See also, Pilpovich v. New Orleans Public Service, Inc., 422 So.2d 262 (La.App. 4th Cir.1982). The mere showing of an injury to a passenger and failure to reach his destination imposes a burden on the carrier to exculpate itself from negligence. Galland, supra. However, once it is shown that the passenger has reached his destination safely the carrier’s degree of care is limited to that of the “reasonable man.” Wittenberg v. New Orleans Public Service Inc., 422 So.2d 252 (La.App. 4th Cir.1982). It has been held that a passenger has reached his destination once he has taken at least one step from the bus safely. Wittenberg, supra.
The record clearly shows that Mrs. Mitchell’s fall occurred when her legs crossed after alighting from the bus. The plaintiff’s testimony establishes that she fell after she had taken at least one step from the bus one of her feet had touched the street. Therefore, the duty of care which NOPSI owed to Mitchell was no greater than that of the “reasonable man.” The trial court’s determination that her injuries were not caused by the actions or inactions of the defendant was correct.
The record reflects that after the plaintiff fell, a public service worker came to her aid. The bus driver inquired as to the cause of the fall, instructed the other passengers to exit the bus, and told the public service worker that he was going to call his supervisor. NOPSI and the police arrived within several minutes and Mrs. Mitchell was carefully placed in the police car and transported to Charity Hospital. Mrs. Mitchell testified that the bus driver did not inquire as to how she felt or if he could do anything to help her.
While the trial judge felt that the driver’s limited concern about Mrs. Mitchell’s condition may have been somewhat callous we cannot say that this attitude caused Mrs. Mitchell any injury. NOPSI acted swiftly, and within the “reasonable man” standard in attending to her needs after she exited the bus. Because NOPSI acted reasonably and because its actions did not cause Mrs. Mitchell any injury we reverse the award of $750.00 as being an abuse of discretion and having no foundation in law.
For the foregoing reasons the decision of the trial court is affirmed in its holding regarding NOPSI’s negligence and reversed in its award of $750.00 to plaintiff.
All costs of this appeal are to be borne by appellant.
AFFIRMED IN PART, REVERSED IN PART.