543 So.2d 568 (1989)
Romallis BRIGHTMAN
v.
The REGIONAL TRANSIT AUTHORITY, et al.
No. 88-CA-2498.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*569 Henry Dart, A Professional Corp., Metairie, for Sandra Morgan.
Walter I. Willard, Berrigan, Danielson, Litchfield, Olsen & Schonekas, New Orleans, for Regional Transit Authority.
Robert T. Hughes, New Orleans, for Romalis Brightman.
Before CIACCIO, WARD and BECKER, JJ.
WARD, Judge.
The Regional Transit Authority (RTA) appeals an assessment of 50% liability for property damage and personal injuries suffered by Sandra Morgan resulting from an intersectional collision between a RTA bus and Morgan's vehicle. Morgan appeals the exclusion of her chiropractor's bill as an element of damages. We amend and affirm the lower court judgment.
Romalis Brightman, a passenger on the RTA bus, sued the RTA and Morgan for personal injuries he sustained when the bus collided with Morgan's car. The accident occurred as Morgan made a left hand turn across the Canal Street median on which the bus travels. The RTA and Morgan cross-claimed one another, each arguing the other's negligence as the sole cause of the accident. Although the RTA did not claim property damage, it sought contribution from Morgan as a joint tortfeasor for any judgment entered against it in Brightman's favor. Morgan claimed damages for personal injury and property loss.
The Trial Court awarded Brightman $2,354.00 plus interest and costs, finding the RTA and Morgan equally at fault and jointly and solidarily liable for Brightman's damages. The Court also cast the RTA in judgment for Morgan's injuries and property damage in the amount of $8,706.88, subject to a 50% reduction because of her comparative fault. Only the RTA and Morgan appeal.
The Court heard conflicting testimony from the drivers of the vehicles and passengers including Brightman.
Morgan testified that before she attempted her left hand turn across the Canal Street median she signalled and "stopped at the intersection ... looked to see if any buses were coming and ... saw a bus [approaching] about two blocks from where [she] made [her] turn ..." She claimed the lake-front bound bus, proceeding about 20 mph, hit her car on its left front door, while she was stopped on the median to avoid collision with a river-bound bus travelling the median. Morgan steadfastly maintained she was completely stopped prior to the collision, that the bus which hit her was more than a block away when she began her turn and that its driver did not blow the horn prior to impact.
Conversely, Amos Thomas, the driver of the accident bus, gave a different version of the incident, claiming the car hit the bus because Morgan failed to yield and properly check for oncoming buses. Thomas contends that in response to Morgan's sudden motion and unexpected timing in making the turn "[he] hit the brakes, blew the horn... there was no reaction time for [him] to do anything else[;] ... by the time [he] hit the brake [he] hit her."
He stated his bus was travelling approximately 20 mph prior to impact and acknowledged that the RTA imposed speed limit for median travelling buses is 15 mph.
On appeal the RTA does not contest the Trial Court's judgment in favor of Brightman; however, by its first of two assignments of error, the RTA argues the Court failed to properly apply the duty of care and burden of exculpation from liability imposed on Morgan as a left turning motorist, *570 citing Hammer v. Combre, 503 So.2d 624 (La.App. 4 Cir.1987); Adams v. Campbell, 420 So.2d 1141 (La.App. 4 Cir.1982); Makas v. New Orleans Public Service, Inc., 410 So.2d 351 (La.App. 4 Cir.1982).
A turning motorist has the two fold duty of giving a proper signal and making a proper observation that the turn can be made safely. Bamburg, et al. v. Nelson, et al., 313 So.2d 872 (La.App. 2 Cir.1975), writ denied 318 So.2d 57 (La. 1975). Should an accident occur, the motorist carries the burden of exculpating himself of fault. Makas, supra. However, this duty and burden of exculpation from liability does not preclude a finding of negligence on the part of the other driver. Hammer, supra. There is no presumption of negligence against a left turning driver involved in a collision. Whaley v. Commercial Union Ins. Co., 499 So.2d 555 (La.App. 2 Cir.1986).
It is apparent from the totality of the testimony the Court had ample evidence to support its conclusion that both Morgan and the RTA were negligent.
The RTA's second assignment of error seeks modification of the Trial Court's equal apportionment of fault, arguing that an appropriate fault assessment under Mart v. Hill, 505 So.2d 1120 (La.1987) yields no, or at worst, minimal, liability to it because of the "peremptive duty" owed by Morgan as a turning motorist. This argument is not persuasive.
The Mart case, is factually dissimilar. Unlike the present dispute, Mart involved a rear end collision. Moreover, a following motorist in a rear end collision is presumed negligent. No such presumption arises against a left-turning motorist. Whaley, supra.
Among others, the Judge heard the testimony of passengers Romalis Brightman and Kathy Bruno. Brightman's testimony corroborated Morgan's version of the accident while Bruno corroborated Thomas's version.
In his reasons for judgment, the Judge stated:
There is no doubt in this courts mind that Mr. Thomas, the driver of the bus conducted the bus on Canal Street at a rate of speed that for the time and circumstances was in fact improper. He did not allow for himself an adequate amount of time to bring his bus successfully to a halt so that he would not collide with a vehicle being driven by Mrs. Morgan. He acknowledges that he was travelling approximately 20 miles an hour immediately prior to the accident.
As to Morgan's conduct the Judge noted:
[It] is obvious also to the court that Mrs. Morgan then turned in front of the bus without knowing fully whether it was safe to do so. When one is making a left turn into traffic that is moving straight ahead, on must do so with great caution. Now Mrs. Morgan says that she was stopped perfectly still at the time that the accident occurred and one of her witnesses also stated that, the court remembers, but the overwhelming testimony is that Mrs. Morgan was moving at the time that the two vehicles met ...
The allocation of comparative negligence is a factual determination within the discretion of the Trial Court and will not be disturbed on appeal in the absence of manifest error. Hammer, supra.
After reviewing the record and the Trial Court's reasons for judgment we conclude that the trial court's determination was not manifestly erroneous.
Morgan's sole assignment of error challenges the Trial Court's denial of $1,125.00 in chiropractic bills as an element of damages.
Morgan introduced the bill of chiropractor, Dr. Saluga, who treated her for pain in her left shoulder and neck. Morgan first consulted Dr. Saluga two days after the accident and remained in his care for approximately 5 months.
When a plaintiff alleges that he incurred medical expenses and that allegation is supported by a bill, unless there is sufficient and contradictory evidence or reasonable suspicions that the bill is unrelated to the accident, it is sufficient to *571 support the inclusion of the item in the judgment. Teague v. Barnes, 519 So.2d 817 (La.App. 5 Cir.1988), Villetto v. Weilbaecher, 377 So.2d 132 (La.App. 4 Cir.1979). Dr. Saluga's report indicates that the symptoms he treated Morgan for were consistent with injuries sustained and related to the accident. Therefore, $1,125.00 for chiropractic treatment must be included as part of Mrs. Morgan's damages; however, we reduce that amount by 50%, in accordance with the Court's determination of Morgan's fault. The judgment in favor of Mrs. Morgan is amended by adding $562.50 to the $4,353.44 judgment of the Trial Court.
In all other respects, the judgment is affirmed. The costs of the appeal are to be borne equally by the parties.
AMENDED AND AFFIRMED.