SCHOTT, Chief Judge.
This suit arose out of an accident on a two-lane highway between plaintiff’s motorcycle and defendant’s automobile. The motorcycle struck the automobile when defendant made a left turn in plaintiff’s path. The trial court dismissed plaintiffs suit, and plaintiff has appealed. The issue is whether the trial court erred in failing to assign any degree of fault to the defendant.
The accident occurred on state Highway 23 in the town of Port Sulphur at about 11:30 p.m. Deputy Sheriff Bartholomew was on patrol traveling south when he decided to make a police check of a business on the east side of the highway. As he was crossing the northbound lane his automobile was struck by plaintiff’s motorcycle.
Although the case was tried in May and the judgment was rendered in August, 1988, the trial judge gave his reasons for judgment long after the appeal was taken and only two days before the appellate record was lodged in this court. In any event in these reasons the trial court made factual findings which support the conclusion that plaintiff’s negligence caused the accident.
Although plaintiff denied it in his testimony the record amply supports the factual conclusion that he was speeding on a black motorcycle without lights at night on a highway which was not well lighted. Plaintiff and his girlfriend admitted that there was an electrical problem with the motorcycle that affected the headlight and Bartholomew testified unequivocably that *76 the light was not on. The speed limit was 35 miles per hour. The motorcycle left seventy feet of skid marks and upon impact its front wheel was imbedded in the side of the automobile. Defendant’s expert estimated his speed at 53-57 miles per hour.
Plaintiff’s principal contention is not that he was without fault but that neither was defendant free of fault. We find some support for this argument because the trial court committed an error of law in his allocation of the burden of proof. He stated as follows:
The Court having heard the matter and having had the occasion to weigh the credibility of the witnesses, the testimony, the evidence or lack of evidence presented by plaintiff, is of the opinion that plaintiff failed to carry the burden of proof that the accident was due to the negligence of Clayton D. Bartholomew.
Once plaintiff established that the accident occurred while defendant was making a left turn in his path the burden was on the defendant to prove that he was free from negligence. Shepard v. Duhon, 523 So.2d 870 (La.App. 4th Cir.1988); Lapeyrouse v. United Services Auto Ass’n, 503 So.2d 627 (La.App. 4th Cir.1987). In Lapeyrouse the court stated that the left turning motorist involved in an accident is burdened with a presumption of liability. While the court in Brightman v. Regional Transit Authority, 543 So.2d 568 (La.App. 4th Cir.1989) declared that there is no presumption of negligence against a left turning driver involved in a collision, the court stated that should such an accident occur the left turning motorist carries the burden of exculpating himself from fault. While Brightman seems to contradict Lapeyrouse on the applicability of a presumption of fault or negligence the effect of the cases is the same — once plaintiff establishes that the defendant was making a left turn when the accident occurred the burden shifts to the defendant to exonerate himself from fault.
Bartholomew’s testimony as to his conduct is quite sparse. First he said that it was his intention to check a business on the east side of the road and he continued:
“.I stopped in the southbound lane with my left turn indicator on, allowing traffic flowing north to proceed prior to my making the turn. When the traffic cleared, I proceeded to make the turn, not seeing any other vehicles northbound. As I was making the turn I heard squealing of brakes and I looked sharply to the right and before I knew it, the motorcycle was in my door on the passenger side....
* * * * * *
Q Where were you looking when you started making the turn, sir?
A Straight ahead.
Q So, you were turning while looking straight ahead
A No. I was stopped
Q Stopped?
A In the lane. Traffic cleared. And as everybody would do when you are in a turn, you are going to look in the direction that you are turning in. That is what I did.
Q How far — what distance did you first notice the motorcycle.
A I didn’t. I heard the squealing of brakes. When I heard the squealing, I looked and the man had no lights on.”
At another point in his testimony Bartholomew stated:
“.... I am saying that I was stopped in the southbound lane preparing to make a left turn and letting the traffic clear, and when the traffic cleared, I proceeded to make my turn and I heard the squealing of brakes and I looked and the motorcycle hit the car.”
Finally, when called by his attorney for direct examination the following colloquy took place:
Q Mr. Bartholomew, what were the conditions of your headlights immediately prior to the impact?
A The headlights were on.
Q What were the conditions of the headlights on the motorcycle immediately prior to impact?
A The lights weren’t on. There were no lights on the motorcycle.
Q How do you know that?
A When I heard the squealing of the brakes, and that is when I looked and *77 there was nothing. There were no lights and “Bamm,” and then there was impact. When I looked and when I heard the brakes squealing and when I looked when I was in the turn, I didn’t see any lights. There were no headlights on the motorcycle.
Q And you looked before impact occurred?
A Yes.
By this testimony defendant established that he stopped and looked before making his turn. The motorcycle was approaching but defendant could not see him because he was too far away and had no lights. Because of his excessive speed plaintiff closed the distance on defendant before he could complete his turn. A turning motorist has the duty of making a proper observation that the turn can be made safely. Brightman, supra. Bartholomew did this and his turn would have been made safely except that plaintiff could not be seen as he approached without lights at an excessive rate of speed.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.