347 So.2d 944 (1977)
Robert L. HIGGINS
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 8278.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1977.
*945 John R. Wellman, New Orleans, for plaintiff-appellee.
James Maher, III, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and MORIAL, JJ.
REDMANN, Judge.
Defendant public transportation company appeals from a $1,320 judgment for plaintiff's personal injury at the hands of one or more passengers on defendant's omnibus. Plaintiff was 67 years old and weighed 155 pounds. He was physically beaten by one or three boys from a group of five or six who had been talking loudly but not threateningly for a few minutes prior to the beating. The boys all got off the bus through the rear door at the same time save one of them (according to plaintiff; three, according to the driver), who came up to the front of the bus where plaintiff was seated on the side-facing seat across from the driver, pummelled plaintiff and picked his pockets. Plaintiff estimated that boy's weight at 175 or 180 pounds.
The driver testified that the beating took place in "a matter of seconds. Q. There was nothing you could do during this time? A. No. Q. It happened that fast? A. Yes." Yet at another point, after saying "it happened real quick", the driver estimated that from the time he stopped the bus, "you could say" the beating lasted 30 to 45 seconds. (Plaintiff estimated three or four minutes, although he also asserted that one being beaten "can't tell" how long the attack lasts.) Again, when asked whether he could have prevented plaintiff's injuries, the driver replied "No, because when it happened it happened so fast. Now, they hit him and he got up out of the seat and came over to me I was sitting behind that wheel. You be pinned in there with somebody sitting over you. The way I got up I picked him off me. By the time I got up it was over with."
The driver's testimony taken as a whole, despite his one reference to 30 to 45 seconds, is that the beating occurred so swiftly that there was no opportunity for him to do anything (in which case defendant would not be liable; Aime v. Hebert, La.App. 4 Cir. 1973, 282 So.2d 566).
Plaintiff's testimony, on the other hand, despite its admitted uncertainty, is that the *946 beating continued a long time  "at least two minutes."
Even if the beating continued two minutes, the common carrier has no duty to insure its passengers against injury by other passengers, and we must therefore, to affirm liability, find some injury-causing breach of a duty imposed on the carrier to protect the passenger against the kind of risk which materialized. Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972).
Our first legal conclusion is that the carrier cannot be liable for the first blows that defendant suffered, which neither he nor the driver had any cause to anticipate. Aime, supra.
Our second legal conclusion is that the carrier is not liable for the blows that would occur during the time it would have taken the police to arrive after the driver had summoned them. We reason that the carrier does not, by its contract to transport safely, insure safe arrival (although it may have the burden of persuading that an injury was not the result of its negligence). The carrier is not obliged by its contract to provide armed guards, or even simply to hire only burly wrestlers or boxers as drivers; otherwise it could not hire slightly-built persons to drive its buses. Therefore the carrier cannot have the obligation to have its driver physically intervene in a beating. Thus even if a driver happens to be very strong, if he personally have some moral obligation arising out of his humanity to aid a weak person being beaten by a stronger one, the carrier does not have the obligation to intervene, but only to summon the police as speedily as possible.
If it be true that this driver allowed an unforeseeable beating to continue for "at least two minutes" without attempting to summon the police, that breach of obligation did not cause the later part of the beating because the police would not have arrived in time to stop the beating in any event.
Reversed; suit dismissed; each party to bear its own costs.