377 So.2d 84 (1979)
Donna GALLAND
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 64621.
Supreme Court of Louisiana.
November 12, 1979.
*85 James Maher, III, New Orleans, for defendant-respondent.
Fred L. Herman, Herman & Herman, New Orleans, for plaintiff-applicant.
BLANCHE, Justice.[*]
Plaintiff allegedly was injured when she fell while trying to alight from a public service bus. The plaintiff maintained that the incident occurred because the driver overran the bus stop and dropped her off at a dark and unfamiliar corner which was quite different from the usual bus stop. The trial court ruled in favor of the plaintiff and the court of appeal reversed. We granted certiorari in order to determine if the court of appeal properly applied the presumption of negligence created in favor of a fare-paying passenger who established that she had been injured and did not reach her destination safely. We find that it did not. In so doing, we hold that the mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence. Carter v. New Orleans Public Service Inc., 305 So.2d 481, 483 (La. 1975).
At trial, three witnesses testifiedthe plaintiff, her brother and a police officer. Both the plaintiff and her brother testified that she sustained her injuries when she stumbled getting off the bus. The police officer, who did not witness the incident, testified that he drove the plaintiff from the corner to the hospital. No evidence was introduced by the defendant to show that the accident did not occur.
It is well established that common carriers are charged with the highest degree of care to their passengers and that the slightest negligence causing injury to a passenger will result in liability. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Gross v. Teche Lines, 207 La. 354, 21 So.2d 378 (1945). Further, where there is proof of injury to a fare-paying passenger, the burden shifts to the defendant carrier to show that he is free from negligence. Wise v. Prescott, supra; Carter v. New Orleans Public Service, Inc., supra. It is here that the court of appeal erred when it stated that the plaintiff must not merely prove that the injury occurred but that the injury was caused by an incident, occurrence or condition which is attributable to the carrier before the presumption is created in favor of the plaintiff. Properly stated, the rule is that the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincing by overcoming the prima facie case. Wise v. Prescott, supra.
In this case, the uncontroverted testimony of two witnesses, the plaintiff and her brother, is that she fell and injured herself while alighting from the bus. Thus, the evidence before the trial court was that a fare-paying passenger had been injured and had not reached her destination safely. At this point, the burden shifted to the defendant to show that the incident had not occurred, or that the defendant had exercised *86 reasonable care in discharging the plaintiff or that any negligence on its part was not the legal cause of the plaintiff's mishap. This the defendant failed to do. Defendant offered no evidence or testimony to rebut that presented by the plaintiff or the prima facie case of negligence thereby created. Since the defendant did not prove itself free from negligence, the trial court properly found in favor of the plaintiff.
For the reasons assigned, the ruling of the court of appeal is reversed and the decision of the trial court is reinstated.
NOTES
[*] Chief Judge Paul B. Landry, Jr., retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J., upon this case.