SARTAIN, Judge.
New Orleans Public Service, Inc. appeals the judgment of the First City Court for the Parish of Orleans which awarded the plaintiff damages for medical expenses and personal injuries sustained by his son as a result of an altercation which occurred on one of its street cars. We affirm.
Rodolpho Rodriguez, plaintiff’s 14-year old son, boarded a St. Charles Avenue street car at its intersection with Calhoun Street. He was accompanied by his young friend, Michael Hammer. Already on the street car were two young females and at least two adults, referred to in the testimony as “tourists.” Rodriguez and Hammer testified that shortly after they boarded the street car the two females commenced to make derogatory and insulting remarks towards them. They got up and moved several seats away. The insulting epithets continued for approximately 20 blocks. At one point Rodriguez and Hammer stated that the insults were so loud that the “tourists” turned and looked to their direction. Throughout this period of time the motorman on the street car, John Yancy, gave no indication that he was aware of the incidents taking place behind him.
As the street car reached the intersection of Carrollton and Oak Streets the two females arose to exit. As they passed young Rodriguez a large handbag of one of the females “slapped me across the face.” Young Rodriguez reacted instantly by throwing up his arms and rising. In doing so he knocked one of the females over and against one of the seats across the aisle. Immediately thereafter one of the females attacked Rodriguez with a seam ripper, inflicting superficial wounds on his lower left forearm, upper left arm, upper right arm and right chest. Yancy stopped the street car immediately and separated the youths. The females immediately left the scene. Rodriguez and Hammer got off the street car and went across the street to a local drug store to obtain first aid assistance.
After having received first aid assistance young Rodriguez and Hammer boarded an *918 other street car, and as they approached the end of the line they saw Yancy. Yancy then made inquiry concerning the extent of Rodriguez’s injuries and called for a supervisor to investigate the matter.
Yancy’s testimony is to the effect that he was totally unaware of any disturbance on his street car until the scuffling ensued. He did not hear the verbal abuse directed to the youths by the two females. He stated that he did not call his supervisor at Car-rollton and Oak because he thought that a supervisor would be waiting at the Carroll-ton and Claiborne intersection. While he did admit to observing blood on Rodriguez’s clothing and some blood on the seat of the street car he still determined to wait until he reached the Carrollton and Claiborne intersection before reporting the incident.
There is testimony establishing that defendant’s company rules require the operators of its vehicles to immediately report any incident involving personal injury. In this respect Yancy should have called for supervisory assistance at the Carrollton and Oak intersection. It is also company policy that its operators should do everything reasonably within their power to avoid altercations that might result in injury to its fare-paying customers.
Although a common carrier is not an insurer of its passengers’ safety, it is held to a high degree of care and is liable for the slightest negligence which contributes to an accident that causes injury to a passenger. Gross v. Teche Lines, 207 La. 354, 21 So.2d 378, 382 (La.1945). Failure of a fare-paying passenger to reach his destination safely creates a prima facie case of negligence and places the burden of proof on the carrier. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979).
Several cases of assault on one passenger by another passenger have arisen in recent years. In Aime v. Hebert, 282 So.2d 566 (La.App. 4th Cir. 1973), the court held that “a carrier can be liable for an assault by one passenger on another passenger where there is reason for the carrier employee to anticipate the assault and a failure on his part to take such action as may be practicable under the circumstances to prevent the assault from being committed or to interfere with its execution.” See also Higgins v. New Orleans Public Service, Inc., 347 So.2d 944 (La.App. 4th Cir.1977); Orr v. New Orleans Public Service, Inc., 349 So.2d 417 (La.App. 4th Cir.1977); Campo v. George, 347 So.2d 324 (La.App. 4th Cir. 1977); Carter v. New Orleans Public Service, Inc., 335 So.2d 105 (La.App. 4th Cir. 1976); and Skipper v. New Orleans Public Service, Inc., 338 So.2d 771 (La.App. 4th Cir.1976).
While we are not favored with oral or written reasons from the trial judge it is inherent in his decision that he determined that Yancy, the operator of the street car, had failed to discharge the duty he owed a fare-paying passenger. We find no manifest error in this determination. The only witnesses to this incident were the operator (Yancy) and the two youths (Rodriguez and Hammer). The identities of the two females were never determined.
It is apparent from reading the record that for a distance of 15 to 20 blocks Yancy had every opportunity to discern the events taking place to his rear and that his actions under these circumstances were insufficient to relieve the defendant of liability.
For the above reasons the judgment of the trial court is affirmed at appellant’s cost.

AFFIRMED.