CHEHARDY, Judge.
Plaintiff, Dardanella Duplessis, appeals a trial court decision in favor of defendant, New Orleans Public Service Inc. (NOPSI), dismissing the plaintiff’s case at her costs.
Plaintiff, a fare-paying passenger on a NOPSI bus, fell as she was alighting from the rear door of the bus and was injured. She testified at trial that after the accident, as the NOPSI supervisor was inspecting the bus, plaintiff noticed a “little bulge” on the bottom step which she had used in making her exit; she admitted, however, that she saw no one else stumble or fall on the steps of the bus between the time she boarded it and the time of her accident.[1]
Stephen J. Carriere, the operator on the bus on which Mrs. Duplessis was riding, testified he saw no one else fall on the morning of the accident. He also testified he visually inspected the steps of the bus after the accident, but did not see a “lump” or a “hump,” nor was he instructed to take the bus out of service after this accident because of any defect on the bottom step.
Joseph A. Stephany, supervisor for NOP-SI, said he was called to the accident scene and a visual check of the bottom step revealed no type of bulge or defect.
Jesse J. Hunter, a claims adjustor for NOPSI, said he checked the steps of the bus two days after the accident, stepping on them for weakness or looseness, and no *450 defects, weaknesses or bulges were discovered, nor were any defect cards made at all concerning the steps for a month and a half before or after the accident. Photographs of the bus steps introduced at trial revealed no defects in the steps of the bus.
In dismissing the plaintiff’s case, the district court judge noted orally:
“Well, it’s obvious to the Court that the plaintiff has not proven her case. Counsel * * * for plaintiff has referred the Court to the case of Galland versus New Orleans Public Service; very recently decided by the Supreme Court, November 1979, in which the Court simply says that because it is a public conveyance, that they must exculpate themselves from any negligence, but in that case, the Court specifically stated that the defendant failed to do that because the [sic] offered no evidence or testimony to rebut that which was presented by the plaintiff or the prima facie case of negligence thereby created. Since the defendant did not prove it is free from negligence, the trial court properly found in favor of the plaintiff.
“Well, in this case, I’m satisfied that the defendant has proved it is free from any negligence by the only method I guess that’s possible; by an inspection of the step which plaintiff claims she slipped on, and there’s no evidence that the step was faulty. I’ll have to dismiss the suit on plaintiff’s cause.”
In the case of Galland v. New Orleans Public Service Inc., 377 So.2d 84, 85 (La. 1979), the court established:
“ * * * We granted, certiorari in order to determine if the court of appeal properly applied the presumption of negligence created in favor of a fare-paying passenger who established that she had been injured and did not reach her destination safely. We find that it did not. In so doing, we hold that the mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence. Carter v. New Orleans Public Service Inc., 305 So.2d 481, 483 (La.1975).”
It was also stated in Galland, however, at page 85:
“It is well established that common carriers are charged with the highest degree of care to their passengers and that the slightest negligence causing injury to a passenger will result in liability. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Gross v. Teche Lines, 207 La. 354, 21 So.2d 378 (1945). Further, where there is proof of injury to a fare-paying passenger, the burden shifts to the defendant carrier to show that he is free from negligence. Wise v. Prescott, supra; Carter v. New Orleans Public Service, Inc., supra. It is here that the court of appeal erred when it stated that the plaintiff must not merely prove that the injury occurred but that the injury was caused by an incident, occurrence or condition which is attributable to the carrier before the presumption is created in favor of the plaintiff. Properly stated, the rule is that the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincing by overcoming the prima facie case. Wise v. Prescott, supra.”
In the present case, plaintiff presented a prima facie case, but the trial court found defendant had rebutted the presumption of negligence. Plaintiff testified after the accident she saw a bump in the stair covering on which she had tripped. Defendant’s witnesses testified, however, they neither saw a bump nor found a defect. The only issues are those of fact and credibility. The trial court’s findings on either are not to be disturbed on appeal if reasonably supported by the record and not clearly wrong, Arcen-eaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accordingly, the trial court judgment is affirmed.

AFFIRMED.

. Plaintiff had boarded the bus at Congress and St. Claude and disembarked at the end of the line at Canal and North Rampart.