SCHOTT, Judge.
This is a suit by Wanda Johnson against New Orleans Public Service, Inc. for damages from a bruise she allegedly sustained when her foot was pushed by an opening door on a bus into the front wall of the bus as she was preparing to make her exit. The issue is whether the trial judge failed to make a proper assignment of burden of proof in the case and whether defendant’s evidence was sufficient to exculpate itself from liability.
*515 Plaintiff was a passenger on the bus preparing to make her exit through the front door when the accident occurred. She was standing on the first step from the top as the door opened. This door consists of two panels on each side which open toward the inside of the bus on hinges so that the panels fold against each other on each side of the door. The operation of the door takes up space on the bottom step but there is a distance of two or more inches between the second step and the door when it is in an open position. Thus, plaintiff’s foot had to be protruding some distance in front of the second step in order for it to get caught in the door. There is also evidence that the air-operated door’s opening movement “wasn’t enough force” to push one’s foot against the front wall.
In dismissing plaintiff’s suit the trial judge gave the following reasons:
“Notwithstanding the fact that the defendant, New Orleans Public Service, Inc., is legally obligated to safely carry its passengers to their destinations and holding them strictly liable for injuries suffered by a passenger, there must be some form of evidence to establish some fact which would indicate negligence, no matter how slight, on the part of New Orleans Public Service, Inc., in order for plaintiff to prevail in her claim for damages suffered while on a N.O.P.S.I. bus. In the instant case, the Court is of the opinion that no negligence on the part of New Orleans Public Service, Inc. has been established; no defect in construction has been shown which would have caused the claimed injury to plaintiff.”
Plaintiff argues that these reasons contain an error of law which requires a reversal of the judgment in this court since the reasons are inconsistent with Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). There the court held that once the passenger proves that she was injured the burden shifts to the carrier to show that it is free from negligence. In order to recover plaintiff need not prove some incident, occurrence or condition attributable to the carrier, but simply that she failed to reach her destination in safety establishing a prima facie case of negligence and imposing the burden on the carrier to exculpate itself from liability.
However, the trial judge did specifically find that there was no negligence on the part of defendant and no defect in the construction of the door which caused the injury to plaintiff. In effect he made the proper allocation of the burden of proof and concluded that defendant did exculpate itself from liability. This factual conclusion is borne out by the record and is not clearly wrong.
The bus driver and a claims adjuster both testified that there was nothing wrong with this door and because of the distance between the door on the bottom step and the second step on which plaintiff was standing she could not get her foot caught in that door unless she somehow stuck her foot in the door. There is no negligence on the part of the carrier if the passenger chooses to place her foot between the moving door and the door frame. Yet, this seems to be the only way this accident could have happened.
We deem the trial judge’s reasons to be a finding that defendant did carry its burden of proof to show that it was free of negligence, that there was no manifest error in this finding, and the judgment is affirmed.
AFFIRMED.
REDMANN, J., dissenting with assigned reasons.