WARD, Judge. •
Plaintiff, Margaret Cardoza, instituted this suit for damages against defendants, New Orleans Public Service, Inc. (NOPSI), its employee, Lottie Hamilton, and the City of New Orleans, for injuries she received while a passenger on a bus owned by NOP-SI and operated by Hamilton. After a judge trial, the court rendered judgment in solido against NOPSI and the City and in favor of Mrs. Cardoza, awarding $4,752.00 for general damages and medical expenses. Only NOPSI and Lottie Hamilton have appealed.[1]
The primary issue which appellants have presented for review is the correctness of the Trial Judge’s finding of liability, on the part of appellants. Proper analysis of the issue requires that we look first at the facts of the incident, which are not disputed.
On February 27, 1980, Margaret Cardoza was a fare-paying passenger on a NOPSI bus travelling east on North Broad Street in New Orleans. As the bus approached the intersection of Broad and Laharpe Streets, Mrs. Cardoza rang the buzzer on the bus, signalling her intention to exit at the next service stop, and began to move toward the front of the bus. At the same time, an automobile travelling on Laharpe Street ran the stop sign at Broad and La-harpe, entering the intersection in the path of the bus. The distance between this automobile and the bus was such that it was not necessary for the bus to slow down to avoid the automobile. However, following the automobile was a police car which also ran the stop sign and pulled out into the path of the bus, which at that time was about twenty-five feet from the intersection. The police car’s emergency lights were flashing, but its siren was silent. In order to avoid a collision with the police car, the bus driver, Lottie Hamilton, made a sudden stop. Mrs. Cardoza was thrown forward in the bus and *758 was injured when she became wedged between the driver’s seat and the fare box.
NOPSI argues that it rebutted the presumption of fault the law imposes on a common carrier where a passenger sustains injury by showing that an emergency was created and the accident was caused by the police ear running the stop sign and moving into the path of the oncoming bus.
We believe that the trial judge was correct; we affirm his judgment for the following reasons.
NOPSI, as a common carrier operating a public conveyance, is charged with the “highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence.” Davis v. Owen, 368 So.2d 1052 (La.1979); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La.1963). The mere showing of an injury to a fare-paying passenger on a public conveyance and his or her failure to reach his or her destination safely establishes a prima facie case of negligence, and imposes on the carrier the burden of exculpating itself of negligence and overcoming the presumption. Wise v. Prescott, supra; Galland v. NOPSI, 377 So.2d 84 (La.1979).
In order to exculpate itself from negligence, NOPSI is required to show that Ms. Hamilton, the driver, did “all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers.... ” Wise v. Prescott, supra.
NOPSI failed to show that Ms. Hamilton met that burden. The evidence shows that when Ms. Hamilton first saw an automobile running the stop sign, she did not apply her brakes at that time; she continued driving until she saw the police car pulling into the intersection. When she saw the police car, rather than immediately slowing down, Mr. Hamilton first checked her rearview mirror to see whether she could change lanes and avoid bringing the bus to a halt. When she found that she could not, she then had to brake suddenly to avoid the collision. NOP-SI did not exculpate itself from the burden of showing it was without “the slightest negligence”.
Further, after reviewing the record, this court cannot conclude that the Trial Judge was manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment of the District Court is affirmed.

. The City has not filed an appeal in this case. La.C.C.P. Art. 2121. Ms. Cardoza in her brief has requested this Court to increase the damage award of the Trial Judge. She has not, however, filed an appeal or an answer to the appeal of NOPSI. La.C.C.P. Art. 2133; Craig v. Southeastern Fidelity Ins. Co., 377 So.2d 1271 (La.App. 3rd Cir.1979).