BYRNES, Judge.
This appeal arises from a collision between a New Orleans Public Service Inc. (NOPSI) bus and a following vehicle. The following vehicle, a 1974 Ford van, struck the bus when the bus stopped in the right hand traffic lane to pick up a passenger. Charles Lee, a passenger on the bus, filed suit for personal injuries received as a result of the collision. In another suit, Elvina Scales on her own behalf and for her minor child Rickey sued NOPSI for injuries they, as fare paying passengers, sustained as a result of the collision. Both of these suits were consolidated for trial. An out of court settlement was reached between plaintiffs and the driver of the following vehicle. At trial the judge found that the NOPSI bus *749 driver was negligent in stopping to pick up a passenger at other than a designated bus stop. The judge further found that the bus driver was negligent in stopping her bus in the right hand travel lane of the thoroughfare rather than in the parking lane. The judge in his reasons for judgment concluded that NOPSI and the driver of the following vehicle were negligent and therefore were joint tortfeasors. Judgment was rendered in favor of Charles Lee in the amount of $3,117.00. Judgment was likewise rendered in favor of Mrs. Scales and her minor son in the amount of $2,810.00. These damages were reduced by 50% because of the earlier settlements made by all plaintiffs with the driver of the following vehicle.
Two assignments of error were urged by NOPSI. The first is that the trial judge erred in holding the driver of the bus negligent and the second is that he erred in holding that it was negligence for the bus driver in making a second stop in the travel lane to pick up another passenger.
The record indicates that the street on which the accident took place was a three lane thoroughfare. Two of these lanes were travel lanes and the third lane was a parking lane. The bus was coming to a stop in the right hand travel lane when it was struck by the van. Prior to the accident the bus made a service stop at the intersection of Washington and Fern Streets. The driver of the bus maintains that because of cars parked in the parking lane she could not pull to the curb to pick up passengers. The bus was in the right hand traffic lane and had picked up passengers without difficulty. The bus started to pull off and had gone but a few feet when the bus driver noticed a woman who was attempting to catch the bus. The bus driver brought the bus to a second stop in order to receive this passenger at which time the bus was struck by the following vehicle. Plaintiffs maintain that the bus driver was negligent because she made an unscheduled service stop to pick up this passenger. As the bus started to move, after the first stop, the driver of the following vehicle attempted to pass the bus on the left hand side. While the driver of the van was changing lanes the bus made a second stop to pick up another passenger and it was at this point the van struck the left rear portion of the bus with its right front fender. The driver of the van maintains that he would not have hit the bus had it not made the unscheduled second stop a short distance past the Washington and Fern Street passenger stop.
Although the common carrier is not the insurer of its passengers, any negligence of the common carrier resulting in injuries by fare paying passengers will suffice to impose liability upon the carrier. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979), Wise v. Prescott, 244 La. 157,151 So.2d 356 (1963). Applying this law to the facts presented to this court we can come to no other conclusion but that the trial judge was correct in his ruling. The negligence of the NOPSI bus driver was sufficient to violate the high duty of care placed on a common carrier. See Gal-land and Wise, supra. There is no manifest error in the trial judge’s findings of fact and we are mandated by Arceneaux[1] to accept them. Further, we have no quarrel with the trial judge’s application of the applicable law to these facts. For the above reasons, the judgment appealed from is affirmed. All costs of this appeal are to be borne by the appellant.
AFFIRMED.

. Arceneaux v. Dominique, 365 So.2d 1330 (La. 1979).