LOBRANO, Judge.
Plaintiff-appellant, Bertha Palazzo Math-erne, instituted this suit for damages against defendant-appellee New Orleans Public Service (NOPSI), and its employee Eugene C. Temple, Sr., for injuries she received while a passenger on a bus owned by NOPSI and operated by Temple.
Appellant boarded the Express 81 bus at Metairie Road and Canal Street sometime prior to 9:00 a.m. on July 20, 1978. It had been raining heavily and the bus floor was wet from the clothing and umbrellas of other passengers boarding the bus. As the bus approached the corner of Canal and St. Charles Ave., appellant rang the buzzer and proceeded to rise from her seat and walk towards the front exit door of the bus. She did so prior to the bus coming to a complete stop. As the bus was slowing appellant lost her footing on the wet floor and fell. The braking of the bus caused appellant to slide down the aisle towards the front of the bus. As her body slid forward, her right foot caught in the framework of one of the seats causing her foot to fracture. The New Orleans Police were called to the scene and an accident report was prepared. The bus driver subsequently drove appellant to the corner of Canal and Royal Streets in close proximity to her place of employment. Appellant had pain in her foot but she was not aware her foot was fractured at the time of the accident. While at work, her foot began to swell and hurt. Later that evening she was taken to Baptist Hospital where her foot was x-rayed and found to be fractured. On July 31, 1978 while she was recuperating from the injury, appellant began feeling pain in her chest and contacted her cardiologist, Dr. Louis Levy, II. A lung scan detected a pulmonary embolism lodged in appellant’s lung due to immobilization of her right foot. Appellant was placed in critical condition at St. Charles General Hospital until the embolism dissolved. She was subsequently discharged on August 17, 1978. She was not able to return to work until October 9, 1978. On June 8, 1979, appellant filed suit against NOPSI and Eugene C. Temple, Sr. for the injuries she sustained as a result of the accident of July 20, 1978. After a judge trial, the court rendered judgment for appellee (NOPSI) finding no negligence on the part of the bus operator.
Appellant contends that the trial judge failed to consider the totality of the evidence and failed to apply the correct “duty of care” standard applicable to NOPSI as a *779 public carrier. Appellant argues that the trial court failed to address the “duty of care” standard of common carriers in his reasons for judgment, and thus erred in his application of the evidence. After review of the record, we find no manifest error in the trial court’s finding and therefore affirm.
The law of this state as it pertains to the “duty of care” owed by a common carrier is clear. A common carrier owes a duty to its passengers to see that they reach their destination safely. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). As Justice Blanche stated:
“We hold that the mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence.” Id at 85.
Because NOPSI is engaged as a common carrier operating a public conveyance, it owes a special duty to its fare paying passengers, and there is a presumption that NOPSI has breached its duty when a fare-paying passenger is injured. This presumption shifts the burden to NOPSI to exculpate itself from any negligence. As was succinctly expounded in Davis v. Owen, 368 So.2d 1052 (La.1979):
“Because plaintiffs were fare-paying passengers on a public conveyance and were injured, defendant NOPSI had the burden of proving that it was without the slightest degree of negligence. As this Court stated in Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963);
******
The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.
******
A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence.
******
The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care.” Id at 1055.
In order to exculpate itself from negligence, NOPSI is required to show that Eugene Temple, the driver, did “all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers ...” Wise v. Prescott, supra.
The testimony of Mrs. Matherine, Mr. Temple (the driver), and the only eye witness, Joan Adams, all establish that the floor of the bus was wet because it had been raining rather heavily prior to the accident. The driver at first stated he was travelling twenty-five miles per hour, but later stated his speed as approximately twenty miles per hour. The eye witness testified the driver was operating in a very cautious manner because of the weather conditions, and that his stops were done in a slow and normal manner. Appellant testified she fell because of a combination of the wet floor and a rather abrupt stop by the driver. The driver admits the floor was wet, but denies any abrupt stop. Based on this evidence, the trial court concluded that NOPSI extricated itself from any negligence.
It is well established that in the absence of manifest error this Court will not substitute its judgment for that of the trial court. Appellant argues that the trial court did not apply the proper standard of care the law imposes on common carriers. Her argument is predicated on the fact that the trial judge did not make mention of this standard in his reasons for judgment. The trial judge is an experienced jurist having *780 sat on the Civil District Court bench for many years, and we must assume he is well aware of the law with regards to public carriers. He states in his reasons that he found no negligence on the part of NOPSI. We find no manifest error in this conclusion, and therefore must affirm.
AFFIRMED.