CIACCIO, Judge.
Plaintiff sues for injuries sustained by her daughter while she was a fare paying passenger on the defendant’s bus. The trial court rendered judgment in favor of the plaintiff, awarding damages of $2,094.00 and $49.00 for medical expenses to Charity Hospital. Defendant appeals and we affirm.
The sole issue for review is whether the trial court erred in finding the defendant liable for the injuries of the plaintiff’s daughter.
*490 The facts surrounding this accident are in conflict.
Melinda Kenner (a/k/a Melinda Butler) testified.that at the time of this accident she was a student in a public school on Carondelet Street in New Orleans. It was April 22, 1982 at approximately 3:15 p.m., when she left school and crossed the street to catch the Freret Street bus in order to travel to her home. It was raining at the time and had been raining all day. She entered the bus and noticed the floors to be wet. She took a window seat on the right side to the rear of the bus. Since it was raining, she planned to exit the bus at Cadiz and Freret Streets, rather than at an earlier stop on the bus route. She got up from her seat at Napoleon Avenue when the bus driver encountered a red light. She observed that the floor of the bus was still wet and she described the floor as having three puddles of water: one by the back door, one in the middle and one near the bus driver. Melinda moved to the front of the bus while holding on to the bus railings. She stated that as she reached the first step of the vehicle the bus stopped and jerked and she slipped off the step onto her back within the open stairwell. At the time she was wearing tennis shoes. She stated that she knew that buses jerk while in transit and she described the motion of this bus as a “normal jerk.”
Ramona Brice, an independent eye witness, was a passenger on the bus at the time of this incident. She corroborated the testimony of Melinda Kenner that the bus came to a stop, then jerked and Ms. Kenner slipped and fell to the floor. She also testified that Melinda Kenner had been holding onto the railing prior to her fall and the bus floors were wet at the time.
Dianne Harris was the New Orleans Public Service bus driver at the time of this incident. She refuted the testimony of Ms. Kenner and Ms. Brice.
According to Ms. Harris it had been raining all day but water had not accumulated on the bus floor, for if it had, she would had wiped it up or called the dispatcher for assistance. She further testified that as she approached the Cadiz bus stop she observed cars parked in the bus stop such that only a small area was available for her to stop. Therefore, she angled the bus into the curb while the back of the bus was left protruding out into the street area. She stated that the bus had come to a complete stop and then Ms. Kenner slipped on the bus’ second step while exiting.
Carlotta Lewis, another passenger on the bus, corroborated Harris’ testimony that the bus stopped completely, the plaintiff was on the second step and was going down the stairs when she slipped. Lewis also testified that the bus had come to a slow stop before the accident.
The standard of care required of a common carrier is set forth in Galland v. N.O.P.S.I., 377 So.2d 84 (La., 1979). In that case the Louisiana Supreme Court stated:
It is well established that common carriers are charged with the highest degree of care to their passengers and that the slightest negligence causing injury to a passenger will result in liability. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Gross v. Teche Lines, 207 La. 354, 21 So.2d 378 (1945). Further, where there is proof of injury to a fare-paying passenger, the burden shifts to the defendant carrier to show that he is free from negligence. Wise v. Prescott, supra; Carter v. New Orleans Public Service, Inc. [305 So.2d 481 (La.1975) ] supra

Properly stated, the rule is that the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincing by overcoming the prima facie case. Wise v. Prescott, supra.
The defendant argues that the trial judge erred in finding that the defendant did not exculpate itself from liability. We disagree.
*491 The trial judge found: “This Court does not conclude that the water or wetness caused the accident, but the wetness coupled with the jerk was sufficient to find the defendant guilty of negligence, however slight.” [Reason for Judgment, P. 2]. His decision rested upon a credibility determination and he resolved the conflict in testimony in favor of the plaintiff. The decision is supported by the record and under the circumstances, we cannot say that the trial judge was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
For the reasons assigned, the judgment of the district court is affirmed at defendant’s cost.
AFFIRMED.