552 So.2d 487 (1989)
Juanita FAVORITE, et al.
v.
The REGIONAL TRANSIT AUTHORITY.
No. 89-CA-0166.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 1989.
*488 Robert T. Hughes, New Orleans, for plaintiff-appellee.
Berrigan, Danielson, Litchfield, Olsen, Schonekas & Mann, Walter I. Willard, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
KLEES, Judge.
Defendant, the Regional Transit Authority (RTA), appeals the judgment of the trial court awarding plaintiff damages for injuries received by plaintiff's son while he was a passenger on an RTA bus. We affirm.
On the afternoon of May 15, 1985, 13-year-old Walter Washington was a fare-paying passenger aboard a bus owned and operated by RTA, and driven by operator Benjamin Ceasar. Walter was in a left rear seat of the bus, which was heading in a riverbound direction on Jackson Avenue. The bus came to a complete stop at the Jackson Avenue/Brainard Street service stop to admit a passenger. While stopped, the left rear of the bus was hit by an automobile whose driver remains unknown. The Pontiac fled the scene before a license number could be obtained. The left rear radiator screen, which is attached to the bus by hinges at the top corners and screws at the bottom corners, allegedly popped up and struck Washington on the side of his face and head through the open window, causing injuries to his jaw and neck. Walter was treated by an orthopedist following the accident for injuries to his left mandible and cervical spine. He was later treated by a neurologist for post-concussive syndrome.
Walter's mother brought suit on his behalf against RTA alleging concurrent negligence of the Pontiac driver and RTA. This case was tried before the district court, which found that the Pontiac driver and RTA were concurrently negligent and rendered judgment in favor of plaintiff and against RTA. After reviewing the record, we find no manifest error in the findings of the trial court.
While common carriers are not the insurers of their passengers' safety, they are charged with the highest degree of care to their passengers and the slightest negligence causing injury to a passenger will result in liability. Galland v. New Orleans Public Service Inc., 377 So.2d 84 (La.1979); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). Where there is proof of injury to a fare-paying passenger, the burden shifts to the defendant carrier to show that he is free from negligence. Galland v. New Orleans Public Service Inc., supra; Wise v. Prescott, supra. See also Sickinger v. New Orleans Public Service Inc., 524 So.2d 93 (La.App. 4th Cir.1988) and Simms v. Estridge, 346 So.2d 300 (La. App. 4th Cir.1977).
In this case, it is uncontested that Walter Washington was injured in this accident. Thus, the burden rests on defendant RTA to show that it was entirely free of negligence contributing to those injuries. The trial court stated in its reasons for judgment that the RTA was negligent in:

*489 "providing Walter Washington with a defective bus, providing him with a bus with loose parts unable to withstand a jolt from contact with another vehicle, failure to inspect it at frequent enough intervals that would disclose the defective parts or connections and failure to secure the radiator screen or if secured in a faulty or negligent manner." (Tr. p. 80).
In light of the facts, we find no manifest error in that finding.
Although the bus driver testified that he checked the screen earlier in the day to be sure it was secured there was no testimony as to when the screen had actually become loose. Indeed the bus driver testified that he didn't pay much attention to the screens, but that they occasionally came loose from bumps or other impact. After reviewing the trial record, we find that there was ample evidence to support the trial judge's decision. Walter testified that he was struck in the face by "a piece of metal off the bus". To exonerate itself from liability, RTA must show that it is completely free from any negligent conduct that contributed to this incident. Therefore, RTA has the burden of proving that not even the slightest evidence of negligence existed.
Based on the record, the trial court's finding that the RTA was negligent in failing to properly secure and inspect the screen is not clearly erroneous. The bus driver testified that he knew that the screens do occasionally come loose. Moreover, there was no evidence in the record to prove that the screen was properly secured immediately prior to the accident or that the RTA regularly maintained the screens. Defendant therefore failed to carry its burden to free itself from liability.
Defendant also contends that the trial court erred in finding concurrent liability between it and the unknown driver of the rear-ending Pontiac. Defendant correctly points out that a following motorist who collides with a preceding vehicle is presumed to be negligent and must exculpate himself. Brownell v. Dietz Motor Lines, 503 So.2d 1069 (La.App. 2d Cir.1987). Based on this presumption, defendant argues that the negligence of the unknown driver was the sole cause of the accident. However, the facts do not support this argument. In this case there is an additional presumption of negligence upon the RTA which was not overcome. In order to absolve itself from liability, defendant must prove not only that the Pontiac driver was negligent, but that his negligence was the sole cause of the plaintiff's injury. To meet this burden, the RTA would have had to show that the impact of the Pontiac would have caused the screen to come loose and fly up even if the screen had been properly secured. The RTA did not carry this burden. Therefore, in light of defendant's failure to prove that the screen was properly secured and free from defect so as to overcome the presumption of negligence against common carriers (Galland, Wise, supra), we will not disturb the trial court's finding of concurrent negligence. RTA's negligence introduced an additional factor which was a proximate cause of plaintiff's injuries, and therefore RTA is liable.
Next we must decide whether the RTA is liable for the entire amount of the judgment. The accident occurred on May 15, 1985. Act 373 of 1987 amending La. C.C. art. 2324(B) became effective on September 1, 1987, sixty days after the end of the 1987 legislative session. La. Const. of 1974, art. 3, sec. 19. That amendment was a change in the substantive law and therefore, it should be applied prospectively only. Morrison v. J.A. Jones Construction Co., Inc., 537 So.2d 360 (La.App. 4th Cir.1988); Eskine v. RTA, 531 So.2d 1159 (La.App. 4th Cir.1988); La.C.C. art. 6. Article 2324, prior to the amendment, provided that the parties are bound in solido for the entire amount of the judgment. Thus, either party may be required to pay the total damages. In this case, since the driver of the Pontiac cannot be found, the RTA as a solidary obligor, must bear that burden alone.
Defendant further argues that the trial court erred in its decision to exclude the testimony of defendant's expert. The trial was scheduled to begin at 9:00 a.m. All other testimony was concluded by 2:20 p.m. at which time the court gave *490 defendant an additional fifteen minutes to find his expert. At 2:35 p.m. the trial judge declared the case closed and began to recite his reasons for judgment. Subsequently, the expert arrived, but the trial court refused to allow his testimony. It is defendant's responsibility to have its witnesses at trial on time. Under the circumstances, the trial court was within its discretion to exclude the testimony.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs.
SCHOTT, Chief Judge, concurring:
I am not convinced that the evidence supports recovery for negligence under C.C. art. 2315. However, recovery for strict liability under art. 2317 is appropriate because the damage was caused by a defective thing in the care or custody of the defendant.
Kent v. Gulf States, 418 So.2d 493, 497 (La.1982), illustrates the difference between negligence under art. 2315 and strict liability under art. 2317. "In a typical negligence case ... the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to protect against injurious consequences.
"In a strict liability case against the same owner, the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage ... Under strict liability concepts, the mere fact of the owner's relationship with and responsibility for the damage causing thing gives rise to an absolute duty to discover the risks presented by the thing in custody."
The evidence does not establish that the defendant knew or should have known of the risk of a swinging radiator screen popping up and hitting a passenger in the face. However, the plaintiff did prove that a defective thing in the custody or control of the defendant created an unreasonable risk of harm which caused injury to plaintiff. Defendant's responsibility for the bus in his custody created an absolute duty to discover the risks presented by the bus. Defendant breached his duty to discover the risk created by the swinging radiator screen. Thus, defendant is liable to the plaintiff.