559 So.2d 995 (1990)
Brady SMITH, Jr., et al.
v.
REGIONAL TRANSIT AUTHORITY, et al.
Consolidated with
Rhonda BROGLIN, et al.
v.
TRANSIT MANAGEMENT OF SOUTHEASTERN LOUISIANA, INC., et al.
Nos. 89-CA-1209, 89-CA-1210.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
Rehearings Denied May 17, 1990.
*996 Wayne C. Giordano, Belle Chasse, for plaintiffs-appellants.
Nat G. Kiefer, Jr., Kiefer, Kiefer & Schneider, New Orleans, for defendants-appellants.
Before GARRISON, BARRY, KLEES, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Regional Transit Authority (RTA), and plaintiffs, Reverend Brady Smith, Jr. and his wife Janie Smith, appeal the judgment of the trial court which awarded damages to plaintiffs for injuries that Mr. Smith sustained while a passenger on an RTA bus. We reverse.
Facts
On April 25, 1985, Rev. Smith was a passenger on RTA bus No. 558. The bus, operated by Pamela J. Bagneris, was proceeding north on Desire Street as it approached the intersection of Desire and North Claiborne Avenue in New Orleans.[1] The intersection is controlled by semaphore traffic lights, and it is uncontroverted that the signal was green in favor of the Desire Street traffic. Bagneris testified that she made a "safety stop"[2] when she reached the intersection, even though she was favored by the green light. Only then did she proceed through the intersection.
When the bus had almost completely traversed N. Claiborne and was virtually through the intersection, it was struck on the right rear side by a vehicle operated by defendant, Alvin Aubert. Aubert, travelling west in the far right lane of N. Claiborne, ran a red light and smashed into the bus. As a result of the impact, the bus swerved and Bagneris was thrown from the driver's seat onto the floor. Bagneris' attempt to regain her position at the wheel proved futile. The bus struck a utility pole on the left side of Desire, severing it from the ground, then struck a parked vehicle, sandwiching it between the bus and another pole, then finally came to a stop.
The bus was equipped with a seat belt. However, neither Louisiana law nor the RTA requires bus drivers to use a seat belt, and Bagneris had elected not to wear it.
At the time of the accident, Rev. Smith was standing in the aisle of the bus five to six feet behind the driver. Smith testified that he had missed his stop due to a malfunctioning buzzer and that he was on his way to the front of the bus to ask the driver to let him exit. Smith testified that he had braced himself for support since he was standing. He stated that just before impact, he saw a fast object "zooming" by him. Smith testified that he was able to remain on his feet after the initial impact with the Aubert vehicle, but that the secondary collision with the pole caused him to fall onto the steps at the front of the bus. His right foot went through the door, and he sustained injuries to his spine.
After a bench trial, the trial court found in favor of plaintiffs. Although the trial court found that the record did not support a finding that defendant failed to properly maintain the buzzer system, the court held *997 that Bagneris was negligent in not seeing what she should have seen and in failing to maintain control of the vehicle. The court also stated that the use of seat belts is not required either under Louisiana law or by the RTA. Plaintiffs and defendant both appealed.
Liability of RTA
Where there is proof of injury to a fare paying passenger, the burden shifts to the defendant carrier to show that it is free from negligence and thereby overcome plaintiff's prima facie case. Galland v. NOPSI, 377 So.2d 84, 85 (La.1979); Dupree v. Louisiana Transit Management, Inc., 441 So.2d 436, 438 (La.App. 2d Cir.1983), writ den. 445 So.2d 1233 (La.1984). Although a common carrier is charged with the highest duty of care, and the slightest negligence causing injury to a fare paying passenger will result in liability, it is not absolutely liable for the safety of its passengers. Dupree v. Louisiana Transit Management, Inc., 441 So.2d at 438.
In the instant case, the defendant sustained its burden of showing that it was free from any negligence which caused plaintiff's injuries. First, defendant introduced into evidence the 1985 maintenance and repair records on bus No. 558 which showed no problem with the buzzer system.
Next, defendant showed that Bagneris was not negligent in failing to see what she should have seen. It is undisputed that Bagneris was facing a green light as the bus proceeded through the intersection. Under Louisiana law, Bagneris had the right to proceed straight through, LSA-R.S. 32:232(1)(a), and to assume that traffic on the less favored street, particularly that facing a red light, would stop in obedience to the red light. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750, 753 (1964); Carter v. New Orleans Public Service, Inc., 305 So.2d 481, 484 (La.1974). Only in exceptional circumstances, when the favored driver could have avoided the accident by exercising the slightest observation and care, will he be found at fault. Id. All that is required is that the favored motorist maintain a general observation of the controlled intersection. Modica v. Manchester Insurance & Indemnity Co., 284 So.2d 791 (La.App. 4th Cir.1973).
Additionally, the record in this case shows that the RTA imposes upon its drivers the duty to come to a "safety stop" at the intersection of Desire and N. Claiborne because this intersection is considered a dangerous one. The testimony established that when Bagneris reached the intersection, even though favored by a green light, she made the requisite "safety stop" in compliance with RTA procedure to check that there was no danger from oncoming traffic. She then proceeded through the intersection. It was not until the bus had almost completely traversed N. Claiborne and was virtually through the intersection that it was struck on the right rear side by the Aubert vehicle which passed a red light and sped into the bus. In fact, the police report filed into evidence shows that, at the time of impact, all but nine feet of the bus had cleared the intersection. The front of the bus had passed N. Claiborne and was completely through the intersection.
Moreover, it is irrelevant that Rev. Smith saw the vehicle approaching. Smith was standing in the aisle five to six feet behind the driver and was facing the side of the bus. Thus, unlike the bus driver who was already through the intersection and properly looking ahead at the time of impact, Smith was allegedly in a position to see the Aubert vehicle just before it hit the tail end of the bus. The trial court erred in holding that Bagneris failed to see what she should have seen before proceeding through the intersection.
Next, the record shows that Bagneris was not negligent in failing to secure her seat belt. Neither Louisiana law[3] nor the RTA imposes upon bus drivers the duty to use seat belts. Moreover, as noted by the trial court, it would be purely speculative to conclude that the bus would not have struck the utility pole or that plaintiff would not have sustained his injuries even *998 if Bagneris had worn the seat belt. Absent this causation, defendant cannot be held liable.
Finally, the trial court's holding that Bagneris was negligent in failing to maintain control of the bus was clearly wrong. Bagneris, who did not have a duty to wear a seat belt, lost control of the bus through no fault of her own as a result of the initial impact which knocked her from her seat. Thus, the RTA is not liable for Bagneris' failure to maintain control of the bus.[4]
For the foregoing reasons, the judgment of the trial court in favor of plaintiffs and against defendant RTA is reversed.
REVERSED.
KLEES, J., dissents with written reasons.
GARRISON, J., dissents with reasons assigned by KLEES, J.
KLEES, Judge, dissenting.
In the instant case, both the RTA and Bagneris were aware that the intersection of Desire and N. Claiborne is a dangerous one. For that reason, the RTA requires its drivers to come to a "safety stop" to look for traffic on N. Claiborne Ave. before crossing N. Claiborne even if the driver is favored by a green light. Bagneris testified that she looked but did not see the Aubert vehicle, whereas Smith saw the vehicle in time to brace himself. While Bagneris was clearly not at fault in the initial accident, the trial court obviously concluded that Bagneris should have seen the Aubert vehicle approaching at a significant rate of speed and been prepared for a possible dangerous situation. The court below found that Smith's injuries were not sustained upon the initial impact from the Aubert vehicle but in the subsequent collision which was caused by Bagneris' falling out of the drivers seat because she had not worn the seat belt provided for her which resulted in her failure to maintain control of the bus.
To exonerate itself from liability, RTA must show that it is completely free from any negligent conduct that contributed to this incident. While I would concede the RTA driver's failure to wear her seat belt was not unlawful, the failure to use it and subsequent falling out of the drivers seat and onto the floor constituted sufficient negligent conduct to hold the RTA liable. I find no difference in this case from that in Favorite v. RTA, 552 So.2d 487 (La.App. 4th Cir.1989).
Accordingly, I would affirm the trial court's finding of liability against RTA.
NOTES
[1] The intersection contains one lane for northbound traffic on Desire Street and two lanes for westbound traffic on N. Claiborne Avenue.
[2] A "safety stop" is actually a slow roll to ensure that there is no danger from oncoming traffic.
[3] See LSA-R.S. 32:295.1.
[4] Because we find no liability on the part of the RTA, the remaining assignments of error are pretermitted.