hCHEHARDY, J.,
dissenting.
There is no dispute that the law of strict liability has been changed by the legislature to include a requisite showing that a defendant knew or should have known of an injury-causing defect prior to liability attaching. It is equally clear that plaintiff did not introduce any testimony or evidence at trial of Ochsner’s knowledge of the defective ceiling grate. However, I believe that because the facts of this case are quite unique, such a showing was not required.
At the time of the accident, the plaintiff, Ms. Webre, was Ochsner’s patient. She had been admitted into the Ochsner Foundation Hospital for testing, treatment and observation, and was being transported by an Ochsner employee in one of Ochsner’s elevators. At this time, she was under the sole care, custody and control of Ochsner and its employees. Given the fact that she *150 was stricken with terminal brain cancer, Ms. Webre was in a weak and vulnerable position, and was confined to a wheelchair. She did not place herself under the ceiling grate in the elevator, and could do nothing to prevent it from hitting her.
I find the facts of this case to be analogous to those involving common carriers, where a passenger is entitled to a high degree of care and protection. This high degree of care has been extended to patrons of innkeepers and also to passengers of elevators. In Banks v. Hyatt Corp., 722 F.2d 214, 221 (1984), the U.S. Fifth Circuit Court of Appeals held that “the distinction is no doubt rooted in the belief that business patrons of [ ¡^innkeepers, like those of common carriers and unlike those of other businesses, have entrusted their personal security to the innkeeper.”[1] Likewise, in this matter, Ms. Webre clearly entrusted her personal security, and her health and well-being, to Ochsner.
It is well established that common carriers are charged with the highest degree of care to their passengers and that the slightest negligence causing injury to a passenger will result in liability. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Gross v. Teche Lines, 207 La. 354, 21 So.2d 378 (1945). Further, where there is proof of injury to a fare-paying passenger, the burden shifts to the defendant carrier to show that he is free from negligence. Wise v. Prescott, supra; Carter v. New Orleans Public Service, Inc., supra.[2] It is here that the court of appeal erred when it stated that the plaintiff must not merely prove that the injury occurred but that the injury was caused by an incident, occurrence or condition which is attributable to the carrier before the presumption is created in favor of the plaintiff. Properly stated, the rule is that the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincing by overcoming the prima facie case. Wise v. Prescott, supra. [emphasis added.]
In this case, the uncontroverted testimony of two witnesses, the plaintiff and her brother, is that she fell and injured herself while alighting from the bus. Thus, the evidence before the trial court was that a fare-paying passenger had been injured and had not reached her destination safely. At this point, the burden shifted to the defendant to show that the incident had not occurred, or that the defendant had exercised reasonable care in discharging the plaintiff or that any negligence on its part was not the legal cause of the plaintiffs mishap. This the defendant failed to do. Defendant offered no evidence or testimony to rebut that presented by the plaintiff or the prima facie case of negligence thereby created. Since the defendant did not prove itself free from negligence, the trial court properly found in favor of the plaintiff.
Galland v. New Orleans Public Service, Inc., 377 So.2d 84,
Likewise, in this case, the testimony was uncontroverted that Ms. Webre was pushed in a wheelchair into the elevator by an Ochsner employee, and that, once inside, the ceiling grate fell directly onto her head, causing her to cry out in pain. At this point in the trial, the burden shifted to Ochsner to show that it had exercised reasonable care. No |sshowing of reasonable care was made by Ochsner. Therefore, I believe that the trial court properly found *151 that Oehsner was liable for Ms. Webre’s injuries.
For these reasons, I respectfully dissent from the majority opinion, and I would affirm the trial court’s judgment.

. See also Rosell v. ESCO, 549 So.2d 840, 850 (La.1989), at footnote four (and the cases cited therein), where the Supreme Court held that Louisiana law "places a high degree of care upon elevator/escalator owners, similar to that imposed upon common carriers.”

. Carter v. New Orleans Public Service Inc., 305 So.2d 481 (La.1974).