1WARD, Judge.
This litigation arose as the result of a traffic accident between vehicles driven by Tanya Mullins and Casimere Melerine. Tanya Mullins sued various parties, including the State of Louisiana and its Department of Transportation and Development (DOTD) as the custodian of the highway where the accident occurred. She alleges that the DOTD, as custodian, is liable for her injuries because weeds and trees on the shoulder blocked her view as she was entering what is known as Old St. Bernard Highway 46. The DOTD filed a reconventional demand against Mullins and third party claims against others. After a bench trial, the trial judge rendered judgment in favor of Tanya Mullins and against DOTD, and DOTD has appealed.
*242 The accident occurred on August 14, 1982, at approximately 11:30 p.m., when Tanya Mullins was driving her vehicle with two guest passengers. As she was attempting to make a left turn onto Old St. Bernard Highway from the subdivision where she lived, her car was struck by a vehicle driven by Casimere Melerine, When Ms. Mullins pulled out from Debra Drive onto the highway, Casimere Melerine was traveling on Old St. Bernard Highway and his car struck her car almost broadside. At the time of the accident, Old St. |2Bernard Highway was a rural highway but it was the favored roadway. The traffic from the subdivision was controlled by a stop sign which faced Debra Drive.
Tanya Mullins and Sabrina Mullins, one of the guest passengers, were injured, and they filed suit against Casimere Melerine; the St. Bernard Parish Police Jury; its insurer; the State of Louisiana and its Department of Transportation and Development (DOTD); and Ms. Mullins’ insurer, Leader National Insurance Company. Casimere Melerine and Roxanne Melerine, who was a guest passenger in the vehicle, filed a separate suit against Mullins and her insurer, Leader National Insurance Company. This suit was consolidated with Mullins’ suit on June 5, 1989 and the Melerines and Mullins settled their claims against each other and then-insurers.
DOTD filed a reeonventional demand against Tanya Mullins and her insurer, Leader National, and a third party demand against Casimere Melerine and the St. Bernard Parish Police Jury.
The trial court dismissed Mullins’ claims against the St. Bernard Parish Police Jury. Mullins resolved her claims against her insurer, and Casimere Melerine.
Trial of her claims against the DOTD began May 24,1989 and proceeded for one day, but because of extenuating circumstances the trial did not resume until August 28, 1991. When it did resume, the trial court rendered judgment against DOTD and in favor of Tanya Mullins for $52,579.00 and in favor of Sabrina Mullins for $6,499.81. After the trial judgment, and before the appeal, Sabrina Mullins settled her claim with DOTD. Tanya Mullins’ claims against DOTD and the DOTD’s incidental actions, the reconventional demand against her and its third party demands against Melerine and St. Bernard Parish, are the subject of this appeal. DOTD argues the trial court erred: (1) by finding it was liable, (2) by not holding Tanya Mullins was negligent, (3) by awarding excessive damages to Tanya Mullins, and (4) by not rendering judgment in favor of DOTD on its incidental demands.
We affirm in part and reverse in part.
la As to DOTD’s first argument, the trial court apparently found DOTD liable under both Article 2315 and 2317 of the Louisiana Civil Code. The following summary shows that this finding was not manifestly erroneous.
The DOTD does not dispute that Old St. Bernard Highway 46 was a part of the State highway system at the time of the accident, but DOTD denies that there was a vice or defect that presented an unreasonable risk of harm. Although DOTD acknowledges the intersection is a grassy area and that oak trees are growing off the roadway nearby, it argues that the trial court erred in finding that weeds and trees were a cause in fact of the accident.
The trial court heard the testimony of four witnesses who testified somewhat differently as to the height of the weeds and whether there were any trees. However, each witness essentially testified that the weeds and trees were an obstruction to the view of vehicles approaching the- highway from Debra Drive, and that it was impossible to see automobiles travelling on St. Bernard Highway without pulling out into the intersection.
The trial court also gave a great deal of weight to a 1980 report by Boyd Gautreaux of DOTD, which recommended that DOTD accomplish the following:
1. Remove the sign located in the southwest quadrant of the intersection.
2. Install a drain and cover the hole in the southwest quadrant so that weed control will be easier to effect.
*243 3. Remove any low hanging limbs on the four trees immediately west of Debra.
4. Cut any high grass along the right-of-way that may exist immediately west of the trees.
5. Make frequent inspections to assure that canal growth, low hanging limbs and grass long the right-of-way is kept under control.
Exhibit P. 10.
In light of the testimony and Exhibit P-10 above, it is evident that the trial court’s findings of fact are not manifestly erroneous. DOTD argues that photographs taken several days after the accident show that there are no weeds obstructing the view, and they further argue that the evidence shows Mullins’ witnesses were not credible and that the trial court committed manifest error. We are not persuaded. The pictures do indeed show no I obstruction existed, but the trial court may well have believed, as Mullins asserts, that the grass was cut after the accident, or the trial court may have determined that the trees growing in the area still constituted a hazard. In light of the testimony of the witnesses, we cannot say that the trial court erred. This assignment of error is without merit.
We find merit in DOTD’s second argument. The DOTD persuasively argues that Tanya Mullins’ was negligent. We agree. When a driver enters onto a favored road and then makes a left turn, that driver must first cross the favored lane meant for oncoming traffic. As a result, this Court has said “a left hand turn movement is generally characterized as a dangerous operation, not to be undertaken until the motorist can ascertain that it can be made in safety.” Wilson v. U.S. Fire and Cas. Co., 593 So.2d 695 at 698 (La.App. 4 Cir.1991). “The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction, which are within the intersection or so close thereto as to constitute an immediate hazard. He should not attempt a left turn unless he has taken every responsible precaution to insure that the turn can be made without endangering approaching motorists. He must show he was free from negligence to avoid the imposition of liability.” Wilson, Id., 698-699.
We also rely on Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 at 974 (La.1985), in which the Louisiana Supreme Court suggests these considerations to compare fault:
(1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
And while a finding of fact by a trial court should be upheld “unless it is clearly wrong,” Watson, supra., in this case we find the trial court’s finding that Tanya Mullins was not negligent is clearly wrong. She crossed a known highway at night and attempted to make a left hand turn when she could not see oncoming traffic. While any assessment of fault has some degree of arbitrariness, considering other cases, and comparing this fact situation, we 5find Tanya Mullins was 50% at fault. See Dixon v. Mid-South Rail Corp., 580 So.2d 438 (La.App. 2 Cir.1991) writ denied 584 So.2d 1160.
In their third argument, DOTD contends that the trial court awarded excessive damages to Tanya Mullins in the amount of $52,-679.00. DOTD points out that the award included damages for headaches, which did not begin to occur until three years after the accident. Dr. Correa testified that Mullins’ x-ray showed a hairline fracture through the pedicle of the C-6 vertebra. Dr. Correa further stated that he did not believe surgery was necessary and discharged Mullins with instructions to wear a neck brace and avoid tension on the neck muscles. And as to the headaches, he stated:
And patient was seen again on January 21st of ’88. So that’s approximately two years later. This time, she had complaints of headaches but she is — it would be consistent with the accident. She did mention it a few times that she had headaches, but the main concern had always been the *244 neck region. She complained of both the temporal region — the forehead — and around the eyes. There is more moderate tenderness to the left occipital region, pain on pressure of that area; pain of the supr-aorbital notches, left being worse ...
(Vol. I, p. 49).
Before a damage award may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award for the injuries and their effect on the injured person was a clear abuse of the trier of facts’ great discretion. Borgos v. Buras, 611 So.2d 764 (La.App. 4 Cir.1993). Reck v. Stevens, 373 So.2d 498 (La.1979).
In this case, we cannot say that the trial court erred in awarding $52,679.00. Although that award may be at the high end for a cervical fracture, and although Mullins failed to follow-up on treatment, we do not believe the award constitutes a clear abuse of discretion.
Turning to DOTD’s final argument, we find merit in the complaint that the trial court did not rule on its cross claim against Tanya Mullins for Sabrina Mullins’ claims I ^against DOTD. Since we find that Tanya Mullins was 50% at fault, she and her automobile insurer are liable for one-half of the damages DOTD paid to Sabrina.
We also find that the trial court erred by not ruling on DOTD’s third party demand against St. Bernard Parish and Casimere Melerine. The St. Bernard Parish Police Jury was not represented at trial, but the only testimony concerning the St. Bernard Parish Police Jury was presented by Ms. Naquin, who when questioned, stated that she believed the grass was cut by them, because that was “who you had to call.” (Vol. I, p. 31). While in some circumstances a parish such as St. Bernard may be liable when it has “garde”, Guillotte v. Department of Transportation and Development, 503 So.2d 618 (La.App. 4 Cir.1987), Ms. Naquin’s testimony does not establish that the area was under the control of the St. Bernard Parish Police Jury. DOTD had ample opportunity to attempt to establish that it did not control the area, but failed to do so. Therefore, we render judgment on DOTD’s third party demand in favor of St. Bernard Parish, rejecting DOTD’s claims for contribution.
Casimere Melerine died before trial of this matter, and any claim against him must be deferred until a proper substitution of parties.
In accord with the above, we render judgment in favor of Tanya Mullins and against the Louisiana Department of Transportation and Development in the sum of TWENTY SIX THOUSAND THREE HUNDRED FORTY DOLLARS ($26,340.00) together with legal interest from the date of judicial demand until paid. We render judgment in favor of the Louisiana Department of Transportation and Development and against Tanya Mullins and Leader National Insurance Company, for one-half of the trial court judgment in favor of Sabrina Mullins for THREE THOUSAND FIVE HUNDRED DOLLARS ($3,250.00) together with legal interest from the date of DOTD’s reconventional demand, until paid. Each party is to bear their costs of the appeal.
AFFIRMED IN PART; REVERSED IN PART