657 So.2d 188 (1995)
Tony K. DAUZAT, Plaintiff-Appellee,
v.
HARTFORD INSURANCE COMPANY OF THE MIDWEST and Jules C. Lemoine, Defendants-Appellants.
No. 95-50.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*189 Carol James Aymond, Jr., Bunkie, for Tony K. Dauzat.
James Morgan Passman, Alexandria, for Hartford Ins. Co. of the Midwest, et al.
Before DECUIR, AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
This litigation arises out of an automobile accident on May 20, 1994, in Avoyelles Parish. Plaintiff, Tony Dauzat, was travelling north on Spring Bayou Road when his vehicle collided with an oncoming car whose driver, defendant Jules Lemoine, was attempting to turn left onto Little River Road. The accident occurred wholly within Dauzat's lane of travel.
On June 6, 1994, Dauzat filed suit against Lemoine and his liability insurer, Hartford Insurance Company of the Midwest. On October 12, 1994, after the depositions of Dauzat, Lemoine and the officer investigating the accident had been taken, plaintiff Dauzat filed a motion for summary judgment on the issue of liability alone. On November 2, 1994, Lemoine and Hartford filed a third party demand against the Avoyelles Parish Police Jury, alleging the police jury's negligence in permitting weeds and trees to obstruct motorists' view in the intersection and in failing to properly sign or control the intersection. On November 6, 1994, the trial court granted Dauzat's motion for summary judgment as to Lemoine's liability, reserving Lemoine's right to proceed with the third party demand against the police jury. Lemoine and Hartford have appealed.

FACTS
The accident occurred in dry, clear weather conditions near the point where Little River Road forms a "T" intersection in a sharp curve on Spring Bayou Road. Dauzat testified that he was travelling 20 to 25 mph when, as he rounded the curve, he saw Lemoine's vehicle about "a fraction of a second" before it hit his car. Dauzat did not remember any tall grass or weeds near the intersection; however, he testified that the curve in the road was so sharp that he could not see around it until he reached its crest.
Jules Lemoine testified that he began turning about two and a half car lengths before the intersection, intending to "ease in" to Little River Road. He did not come to a complete stop before turning, and although he looked but did not see anyone, he admitted that he should have looked a second time. He estimated that two to three seconds had elapsed between his first sight of the Dauzat vehicle and the collision. Although the investigating officer observed skid marks which he attributed to Lemoine's vehicle, Lemoine did not recall applying his brakes before the collision. Lemoine believed that his view of the intersection was obscured by tall weeds, which have since been cut, and by two large trees that were located directly in the curve. Lemoine admitted that at all times Dauzat remained in his proper lane of travel.
State Trooper David Westmoreland investigated the accident. Westmoreland observed 51' of front left skid marks and 27' of front right skid marks made by Lemoine's vehicle beginning in the middle of the road and extending into the northbound lane of travel. Both vehicles travelled 8' in Dauzat's lane after impact. From the location and length of the skid marks, Westmoreland determined that Lemoine initiated the left turn prior to reaching the intersection and that Lemoine was travelling at a speed of 40 mph, plus or minus 5 mph, in a 25 mph zone. Because the Dauzat vehicle left no skid marks, he could not determine its speed.
Westmoreland issued a citation to Lemoine for making a left turn without yielding. He testified that if he believed obscurement of the road had been a factor or if someone had mentioned an obstruction at that time, he would have noted this on his report. No such notation appeared on his official report.

OPINION
Appellate courts review summary judgments de novo under the same criteria that govern the district courts consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Summary procedure should be used cautiously and sparingly; any *190 reasonable doubt should be resolved in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. La.Code Civ.P. art. 966(C).
In Terro v. Casualty Reciprocal Exchange, 93-593 (La.App. 3 Cir. 2/2/94); 631 So.2d 651, writ denied, 94-522 (La. 4/22/94), 637 So.2d 157, this court summarized the parties' burden of proof in a left-turning accident case:
A left-turning motorist involved in a collision that occurs across the center line is burdened with the presumption that he is at fault, and must offer evidence to show that he is free from negligence to avoid the imposition of liability. Miller v. Leonard, 588 So.2d 79 (La.1991). Likewise, the jurisprudence has established that an oncoming driver has a right to assume that the left-turning motorist will obey the laws in allowing him to continue in the proper lane of travel and will yield to his right of way. Jones v. Lingenfelder, 537 So.2d 1275 (La. App. 2 Cir.1989), writ denied, 539 So.2d 631 (La.1989).
93-593, pp. 3-4, 631 So.2d at 653-54.
It is undisputed that Lemoine crossed the center line and collided with Dauzat's oncoming vehicle in Dauzat's lane of travel. Under these circumstances, the burden then shifts to Lemoine to exonerate himself from fault. See Wooten v. Bartholomew, 556 So.2d 75 (La.App. 4 Cir.1989), writ denied, 560 So.2d 23 (La.1990). In attempting to meet this burden, Lemoine contends that the accident was caused by Dauzat's failure to keep a proper lookout and/or the police jury's failure to properly maintain the intersection. He argues that summary judgment on the question of his liability is premature because there are genuine issues of material fact as to the plaintiff's comparative fault and the police jury's liability.
Regarding Dauzat's comparative fault, we note that nothing in the record contradicts Dauzat's testimony that he was driving at a lawful speed and that he could not have avoided the accident. As to Lemoine's conduct, the record contains evidence that he was speeding in addition to his admission that he should have looked a second time before turning. If Lemoine and Dauzat were the only parties to this lawsuit, then summary judgment on the issue of liability alone may have been appropriate under La. Code Civ.P. art. 966(C). See for example Miller v. Coastal Corporation, 93-1073 (La. App. 3 Cir. 4/6/94); 635 So.2d 607, in which we held that where reasonable minds cannot differ, the question of contributory negligence is a question of law that may be resolved by summary judgment. In Miller, we affirmed summary judgment finding the defendant driver 100% at fault, where the defendant suddenly pulled out in front of the plaintiff driver and nothing in the record contradicted the plaintiff's claim that she did not have time to take evasive action.
Lemoine's third party demand and allegations against the police jury, however, distinguish the instant case from Miller. A public body can be held responsible for weeds and trees which obstruct motorists' view of the roadway, when such obstructions are a cause in fact of an accident. See Mullins v. Melerine, 636 So.2d 240 (La.App. 4 Cir.), writ denied, 636 So.2d 913 (La.1993). The testimony of Dauzat, Lemoine and Trooper Westmoreland is conflicting as to whether any tall weeds or trees were in the curve and, if so, whether they obstructed either driver's view of the intersection. Weighing this conflicting evidence, which presents a genuine issue of material fact, is impermissible in deciding a motion for summary judgment.
We find that the trial court erred in granting summary judgment on the question of Lemoine's liability when there still exists a genuine issue of material fact as to the fault of the police jury. This situation is analogous to Williams v. City of New Orleans, 93-2043 (La.App. 4 Cir. 5/17/94); 637 So.2d 1130, writ denied, 94-1587 (La. 10/7/94), 644 So.2d *191 632, where the trial court found the defendant liable on summary judgment but pretermitted the issue of the plaintiff's comparative fault until trial. The fourth circuit reversed, finding the trial court judgment to be an impermissible partial final judgment. The court stated:
It is the opinion of this Court that a determination of tort liability for purposes of granting a partial judgment includes the requirement of a determination of comparative fault, i.e., on any particular claim the question of liability must be completely resolved between the parties for and against whom the partial summary judgment is rendered. This may not be the case where different claims between the parties may be involved such as the case where one party sues on a promissory note and the other reconvenes for damages. In such a case it might be permissible to render a partial summary judgment on the note, but defer the question of damages to a trial on the merits or vice versa as long as the partial judgment disposed of the complete question of liability on either particular claim. Katz v. Brian Investments, Ltd., 542 So.2d 48 (La.App. 4 Cir.1989), writ denied, 548 So.2d 1231 (La.1989). To put it another way, a partial summary judgment may not be granted for the purposes of determining a particular element of liability such as notice to one party or the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and where other issues such as comparative fault remain unresolved. (Emphasis added.)
93-2043, p. 3, 637 So.2d at 1132.
Although La.Code Civ.P. art. 966(C) now permits summary judgment to be rendered on the issue of liability alone, that judgment must address the liability of all parties. Otherwise, it is an impermissible partial final judgment which only promotes piecemeal litigation and the uneconomical use of judicial time. Williams, 637 So.2d 1130. Under the strict standard for granting summary judgment, which requires that we closely scrutinize the mover's supporting documents while indulgently treating the non-mover's, we must conclude that there exists a genuine issue of material fact as to the possible liability of the police jury. Therefore, any judgment which purports to decide the liability (or freedom from fault) of any party at this stage constitutes an improper use of summary procedure.
For the above reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to plaintiff-appellee, Tony K. Dauzat.
REVERSED AND REMANDED.